**The People of the State of Illinois, Plaintiff-Defendant-in-Error, v. Lawrence G. Daniels, Defendant-Plaintiff-in-Error.**

**Gen. No. 10,547.**

Fourth District.

May 28, 1964.

Lawrence G. Daniels, of Menard, pro se, of Chicago, appellant.

William G. Clark, Attorney General, of Springfield (Fred G. Leach and E. Michael O'Brien, of counsel), and Brice Irving, State's Attorney, of Pittsfield, for appellee.

SMITH, J.:

Defendant prosecutes this writ of error to review a judgment finding him guilty of burglary and imposing a sentence of four to six years on his plea of guilty. We review the case on the common law record only.

The record shows the return of the indictment on January 22, 1963, the appearance of the defendant and the appointment of an attorney for him on January 29th, a motion to quash the indictment filed, presented and denied on February 1. Arraignment, plea of guilty and sentence then followed on the same day. ██ Defendant first complains that no attorney was appointed for him at the time of the preliminary hearing and that due process requires that he be represented by counsel at all stages of a criminal proceeding. The record before us is silent as to any occurrences at the preliminary hearing. There is neither a claim nor any showing that absence of counsel at the preliminary hearing or a failure to make an earlier appointment of counsel in any manner prejudiced the defendant or in any way adversely infected or contaminated the subsequent proceedings in this case. A preliminary hearing in Illinois is not a "critical stage" where rights or defenses must be raised or lost and hence the right to counsel in such a proceeding does not, ipso facto, obtain. People v. Morris, 30 Ill2d 406, 197 NE2d 433. The record before us shows the appointment of counsel on January 29 and his presence and participation in all subsequent proceedings. There is nothing in the record before us of any pre-trial proceedings or events indicating any need

49

for an earlier appointment of counsel. Under such circumstances, there is no violation of due process. People v. Morris, supra.

■ Defendant further contends that the County Judge of Pike County was without jurisdiction or authority to preside over the proceedings in this cause or impose sentence. This claim is without merit. The records show the County Judge "presiding at the request of Honorable John T. Reardon, and with the consent of the Honorable Winthrop B. Anderson, judge, and all other officers of this court." This, in our judgment, reflects a full compliance with the provisions of c 37, par 298, Ill Rev Stats 1961, providing for the interchange of judges.

■ Defendant complains in his motion to quash that the indictment is insufficient in that it fails to allege the location of the building or real estate. The property is described as "being the property of Clement H. Smith and Nellie Smith, in which said building the Goodyear Tire and Rubber Company, a Corporation, owned and operated a store known as Goodyear Service Store." In our judgment this is sufficient identification to enable the defendant to prepare for trial and to plead former acquittal or conviction under the indictment in bar of a subsequent prosecution for the same offense. People v. Johnson, 20 Ill2d 336, 169 NE2d 776. The indictment states a crime under the statute and the plea of guilty waives any defects not jurisdictional. People v. DeWeese, 27 Ill2d 332, 189 NE2d 247.

■ Other errors based on statement of facts found only in defendant's statement of facts and not supported by the common law record are not before us in the absence of a bill of exceptions. People v. Berkowski, 385 Ill 392, 52 NE2d 710. People v. Montville, 393 Ill 590, 66 NE2d 361.

Accordingly, the judgment of the Circuit Court of Pike County must be and it is hereby affirmed.

Affirmed.

CROW, P. J. and SPIVEY, J., concur.