Nathan R. Sobel, J.
Petitioner Sedlak presently confined at Dannemora ¡State Hospital brings this coram nobis proceeding alleging he was denied counsel in preliminary proceedings.
He was arrested on May 24, 1944 and on the same day arraigned before the Magistrate. He was advised of his right to counsel and given an adjournment to May 31, 1944 to obtain counsel. The record indicates he was arraigned on a ‘ ‘ full ’ ’ complaint on May 31, 1944 and that he waived examination. The record does not indicate the presence of counsel at the time of waiver of preliminary examination.
A notice of appearance was filed thereafter on June 6, 1944 by retained counsel.
An indictment charging sodomy and included crimes was filed on June 16, 1944. He appeared with counsel on that date. He was committed for psychiatric examination. Kings- County Hospital found him sane.
Upon application of his counsel a further psychiatric examination was ordered at Bellevue on July 27, 1944. That hospital too found him sane. That report was confirmed on September 15,1944.
On October 2, 1944 in the presence of counsel, petitioner pleaded guilty to sodomy.--On November 15,1944, in the presence of counsel he was sentenced as a first offender to a term of 2% to 10 years in -State prison.
Thus the sole issue raised in the petition which requires decision is the waiver of preliminary examination in the former Magstrates’ Court in a noncapital case by a defendant without the presence or advice of counsel.
Gideon v. Wainwright (372 U. S. 335) left unanswered when the right to counsel attaches. (See Beaney, The Right to Counsel: Past, Present and Future, 49 Va. L. Rev. 1150 [1963].) The Supreme Court has agreed to review a Texas case (Pointer v. Texas, No. 577 Misc.) where'testimony taken at a preliminary examination in the absence of counsel was later read to the trial jury. We shall have some further enlightenment on the general issue.
Judge Weinfeld in United States ex rel. Boone v. Fay (231 F. Supp. 387, 390) considered a contention by a State prisoner that he had not been advised of his right to counsel (Code Crim. Pro., § 188) by a New York committing Magistrate and stated: “ Clearly the magistrate’s preliminary proceeding is not of such critical nature so that what occurs there may prejudicially impinge upon or foreclose any defense or right in resistance to the charge upon a subsequent trial [citing People ex rel. Hirschberg v. Close, 1 N Y 2d 258]. * * * It *1071 is only when State action or inaction offends basic principles of fundamental fairness that a violation of defendant’s right to due process or equal protection under the Fourteenth Amendment results.”
Other cases hold that no prejudice results when a defendant pleads not guilty to an indictment without counsel, provided at subsequent proceedings he is represented by counsel (United States ex rel. Spinney v. Fay, 221 F. Supp. 419 [U. S. Dist. Ct., S. D. N. Y.], affd. on opinion below 325 F. 2d 436).
The Second Circuit has held that failure to supply counsel at a Connecticut preliminary examination despite request by defendant did not deprive defendant of a constitutional right where no prejudice is shown. (United States ex rel. Cooper v. Reincke, 333 F. 2d 608.)
It seems to me that the issue is whether the preliminary examination is (1) a critical stage of the procedure and (2) whether prejudice in fact resulted (see United States ex rel. Cooper v. Reincke, 333 F. 2d 608, supra).
The preliminary examination in this State is a mere inquest to determine the existence of probable cause. The finding of probable cause is not final and it cannot be used against accused at his trial. In fact the preliminary examination may be dispensed with by presenting the issue to the Grand Jury as an “ office origin ’ ’ case. It is therefore not at all a critical stage in our procedures (People ex rel. Hirschberg v. Close, supra).
There is nothing in the petition of Sedlak or indeed in the records of the court which I have examined to establish prejudice. Sedlak retained counsel a few days after the waiver of preliminary examination. He later pleaded guilty. He cannot argue therefore that the testimony of the complainant if taken at the preliminary examination would have been of direct aid or useful as impeaching evidence at the trial. Indeed counsel never moved for inspection of the Grand Jury minutes where presumably the same testimony was given as might have been given at the preliminary examination. This is not said critically for presumably counsel was informed or had read to him that testimony during the discussion of plea. This is commonplace procedure. I conclude that no prejudice resulted to petitioner from failure to have counsel at the time of waiver of preliminary examination. (See State v. Naillieux, 192 Kan. 809; cf. People v. Marincic, 2 N Y 2d 181.)
Petition is denied.