420 P.2d 560

**STATE of Arizona, Appellee,**

v.

**Isom MOSES, Appellant.**

**No. 1514.**

Supreme Court of Arizona,
In Banc.

Nov. 30, 1966.

Rehearing Denied Dec. 28, 1966.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellee.

Chris T. Johnson, Phoenix, for appellant.

LOCKWOOD, Justice:

Appellant, hereinafter referred to as defendant, Isom Moses, was charged with three counts of illegal sale of a narcotic drug, a felony under A.R.S. § 36–1002.02 as amended. On June 4, 1964, the jury returned a verdict of guilty on all three counts. The defendant was sentenced to serve a term of not less than fifteen nor more than twenty years on each count, the sentences to run concurrently. From this verdict and sentence, he appeals.

Defendant alleges that failure to appoint counsel for his defense at the preliminary hearing has resulted in a denial of due process under the Sixth Amendment to the United States Constitution and Art. 2, § 4, of the Arizona Constitution, A.R.S. Defendant further complains that denial of the right to have a transcript of the pre-

liminary proceedings typed by a court reporter has prejudiced his case.

The record shows that defendant was arrested on March 6, 1964, and at this time informed of the charge against him, and of his right to the aid of counsel. He did not make a plea of guilty, and a time was set for a preliminary examination. The preliminary examination was held March 20, 1964, after which defendant was held for arraignment. At his arraignment, counsel was appointed for his defense. A motion to remand for preliminary hearing was made May 6, 1964, defendant claiming he had requested a court reporter at the preliminary, but that said request had been denied. This motion was denied by the superior court on May 11, 1964.

 Counsel for defendant claims that the failure to appoint counsel at the preliminary hearing is ipso facto prejudicial. With this we cannot agree. (Although counsel designates this as a "capital" case, it is not, since the penalty prescribed for the particular crime does not include the death penalty. It is therefore not necessary to discuss the question of whether there exists a difference or distinction between capital and non-capital offenses so far as the right to counsel is concerned.)

This Court has consistently held that failure to appoint counsel at a preliminary hearing is not a denial of defendant's constitutional rights. As we stated in State v. Smith, 99 Ariz. 106, 108, 407 P.2d 74, 75 (1965):

> "Defendant contends that the court erred in not appointing counsel to represent him at his preliminary hearing. We have held that failure to assign counsel prior to a preliminary examination is not error, unless a defendant's position is prejudiced thereby. The purpose of a preliminary hearing is to determine whether the evidence is sufficient to find probable cause to hold a person to answer for the offense charged. State v. Gortarez, 98 Ariz. 160, 402 P.2d 992; (No. 1440, June 10, 1965); State v. Schumacher, 97 Ariz. 354, 400 P.

> 2d 584; and State v. Peats, 97 Ariz. 133, 397 P.2d 631."

See also State v. Mangrum, 98 Ariz. 279, 403 P.2d 925 (1965); State v. Gherna, 99 Ariz. 42, 406 P.2d 396 (1965).

This view is supported by many jurisdictions. The right to counsel at a preliminary hearing was established by the United States Supreme Court in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) and in White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). However, it appears that in Hamilton the basis of such right is that in Alabama it is upon arraignment at a preliminary hearing that any defense of insanity must be raised, any proposed pleas in abatement must be made, and motions to quash on account of defects in drawing the grand jury must be presented. These requirements make the preliminary hearing a "critical stage" of the criminal proceeding, and the constitutional guaranty of counsel applies under such circumstances.

In White the accused, who was unrepresented by counsel at a preliminary hearing, entered a plea of guilty to a capital offense, which plea was offered in evidence against him at a trial. He was represented by counsel *after* the preliminary, and on advice of his counsel plead not guilty at the arraignment. The Supreme Court held that under such circumstances the Maryland preliminary hearing became a "critical stage" of the criminal proceeding, and again applied the constitutional guaranty of counsel. In neither of these cases, did the Supreme Court of the United States consider whether there was actual prejudice, because it determined that the lack of counsel at a critical stage of criminal proceedings was ipso facto a violation of the constitutional guaranty of the Sixth Amendment.

A review of recent decisions from various jurisdictions indicates that many courts have construed White as consistent with the principle that absence of counsel at a preliminary hearing ipso facto is not a violation of a defendant's constitutional rights

if the absence is not in the eyes of the court prejudicial. In People v. Daniels, 49 Ill.App.2d 48, 199 N.E.2d 33 (1964) the court held that absence of counsel at the preliminary hearing, or failure of an earlier appointment of counsel did not prejudice the defendant or in any way adversely infect or contaminate the subsequent proceedings of the case, since the preliminary hearing in Illinois is not a "critical stage" of criminal proceedings, where rights or defenses must be raised or lost, and there was no showing of prejudice. Lack of counsel at a preliminary hearing was likewise held not violative of defendant's constitutional rights in the following circumstances: Commonwealth v. O'Leary, 347 Mass. 387, 198 N.E.2d 403 (1964) where the court entered a plea of not guilty on behalf of the defendant who stood mute at the preliminary hearing; Matthews v. State, 237 Md. 384, 206 A.2d 714 (1965); and also Bonner v. Director, 237 Md. 445, 206 A.2d 708 (1965), when the defendant pleaded not guilty at the preliminary hearing and no incriminating statements were made; Rainsberger v. State, 81 Nev. 92, 399 P.2d 129 (1965) in which a plea of guilty at a preliminary was held not prejudicial because later at his arraignment the defendant voluntarily again pleaded guilty upon advice of counsel. The same principle was applied in other jurisdictions: In State v. Baier, 194 Kan. 517, 399 P.2d 559 (1965), overruled on other grounds: in State v. McCarther, 197 Kan. 279, 416 P.2d 290 (1966) when the defendant waived a preliminary hearing in the absence of counsel, but when represented by appointed counsel at trial pleaded guilty. In New Mexico, Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964) a non-capital offender pleaded guilty at the trial where he was represented by counsel, having already plead guilty at a preliminary hearing in the absence of counsel. In New Jersey, in State v. Dennis, 43 N.J. 418, 204 A.2d 868 (1964), proceedings or plea at a preliminary hearing were never brought before the trial court and defendant lost no defenses by virtue of the preliminary proceedings.

Other courts have held there is no violation of the constitutional right to counsel where no plea offered at a preliminary hearing could be offered in evidence at the trial. State v. White, 243 S.C. 238, 133 S.E. 2d 320 (1963), rev'd on other grounds, 246 S.C. 502, 144 S.E.2d 481 (1965), (defendant in South Carolina is not permitted to plead or make a sworn statement at preliminary, which is used only to determine probable cause); DeToro v. Pepersack, 332 F.2d 341 (4th Cir.1964); or where the accused did not in fact offer a plea, Mercer v. State, 237 Md. 479, 206 A.2d 797 (1965). The weight of authority in many states is that the accused is not denied due process by failure to appoint counsel at the preliminary hearing *if the preliminary hearing is not a critical stage.* See also State v. Osgood, 266 Minn. 315, 123 N.W.2d 593 (1963); People v. Sedlak, 44 Misc.2d 1069, 256 N.Y.S.2d 84 (1965); State v. Richardson, 194 Kan. 471, 399 P.2d 799 (1965); Bussey v. Maxwell, 177 Ohio St. 111, 202 N. E.2d 698 (1964); Ronzzo v. Sigler, 235 F. Supp. 839 (D.Neb.1964); aff'd 346 F.2d 565 (8th Cir.1965); People v. Morris, 30 Ill.2d 406, 197 N.E.2d 433 (1964); Freeman v. State, 87 Idaho 170, 392 P.2d 542 (1964).

The Second Circuit Court of Appeals in United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2nd Cir.1964) reasoned that a preliminary hearing could not be deemed a critical stage as follows:

"The Connecticut hearing in probable cause has been accurately characterized as a mere ' "inquest" made to determine the existence of probable cause, and to discharge the accused if none exists. * * *' The finding of probable cause is not final and it cannot be used against an accused on the trial before the Superior Court. * * *"

"The Connecticut hearing in probable cause cannot, therefore, be characterized as critical as is arraignment in Alabama. Indeed, it can hardly be termed a proceeding against the accused; to the contrary, it appears to operate entirely for the accused's benefit. And the mere fact

that an accused is required to plead does not in itself demand a contrary conclusion where the plea entered is a self-serving denial of guilt. At trial, appellant had every opportunity to present any defense that was available initially. Under these facts failure to supply counsel at this stage in the proceedings cannot be said to be a deprivation of a constitutional right." 333 F.2d at 611–612.

The Supreme Court of Idaho has held that the right to counsel did not mean that defendant must be:

"so represented [by counsel] in the preliminary processes which take place primarily for the purpose of ascertaining whether a crime has been committed and whether there are reasonable grounds to believe that the accused has committed it, and particularly where no prejudice has befallen him." Freeman v. State, supra, 392 P.2d 547.

The United States Supreme Court in Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) held that it was a denial of the defendant's right to counsel under the Sixth Amendment, guaranteed by the Fourteenth Amendment, to permit admission into evidence at the trial of transcripts of testimony which were taken at a preliminary hearing at which the defendant was not represented by counsel and hence was unable adequately to cross-examine the witness. However the court declined to decide whether the denial of counsel was ipso facto a denial of due process, because it held that the Texas preliminary hearing did not accept pleas of guilty or not guilty and that

"the judge decides only whether the accused should be bound over to the grand jury and if so whether he should be admitted to bail. Because of these significant differences in the procedures of the respective states, we cannot say that the White [White v. State of Maryland] case is necessarily controlling as to the right of counsel. Whether there might be other circumstances making this Texas preliminary hearing *so critical* to the defendant as to call for appointment of counsel at that stage we need not decide on this record and that question we reserve." (emphasis added)

█ The record here discloses defendant was advised at the time of his arrest of his right to have counsel represent him. Since the record is silent as to any request by defendant for counsel at that time, we must assume he made none. However, he did not plead nor did he lose any rights or defenses which might have been available to him. Defendant was represented by court-appointed counsel at his trial and subsequent proceedings. Therefore we feel the record fails to show that any prejudice has resulted in this case due to the lack of counsel at the preliminary hearing.

█ Defendant also contends that he was denied the right to have a transcript of the preliminary hearing typed by a court reporter, and that this also prejudiced his defense. Rule 28 of the Rules of Criminal Procedure, 17 A.R.S. requires:

"The testimony of the witnesses and of the defendant, if defendant testified, shall upon request of the defendant or the county attorney, either be reduced to writing by the magistrate or under his direction, or be taken by a regularly appointed court reporter and when transcribed shall be certified by the reporter as correct. In homicide proceedings all the testimony shall be taken and transcribed by the reporter and filed as a record in the proceedings."

Defendant has the right to have testimony at his preliminary hearing reduced to writing and a transcript filed in the case if he requests it. State v. Daniels, 96 Ariz. 375, 396 P.2d 4 (1964). However, there is no evidence in the record that defendant requested a reporter be present at the proceedings to take testimony down, nor is there evidence that failure to have a transcript made by a reporter prejudiced defendant. Nor do we find any constitutional requirement that a transcript of testimony at a preliminary hearing be fur-

nished to a person accused of a crime. See People v. Morris, supra.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.