**Joseph J. TYNAN, Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 20782.**

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1967.

Joseph J. Tynan, in pro. per.

Darrell F. Smith, Atty. Gen. of Arizona, James S. Tegart, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant is in State custody, serving a prison sentence imposed on April 30, 1956, by the Superior Court of the State of Arizona, in and for the County of Maricopa, following conviction by a jury of the charges of rape and assault, at which trial he was represented by court-appointed counsel.

No appeal from the judgment of conviction was taken. He states in his brief that a petition for a writ of habeas corpus was filed in the Supreme Court of the State of Arizona, and denied on November 30, 1964.

On August 4, 1964, appellant filed an application for a writ of habeas corpus in the United States District Court for the District of Arizona. What disposition was made of this petition we are unable to determine. In any event, however, the District Court permitted appellant to file *in forma pauperis* a reapplication for a writ on April 15, 1965.

In this petition appellant alleges:

1. That he was denied his constitutional right to be represented by court-appointed counsel at his preliminary examination; and

2. That perjured testimony procured by the Prosecutor was used against him in his trial.

The trial court denied the writ on the same day as the petition was filed, without the issuance of an order to show cause, and without a hearing. The District Court issued a certificate of probable cause and permitted appellant to appeal *in forma pauperis*. He prosecutes this appeal *in pro. per.*

On this appeal appellant adds another ground not raised in the petition filed with the District Court. He states in his brief that he was illegally extradited from California to Arizona because he was not represented by counsel at the extradition hearing. It appears that he was arrested in California on a warrant charging flight from Arizona to California to avoid prosecution in Arizona. In effect he charges that he was "kidnapped" in California and taken to Arizona. This contention was not raised in his habeas corpus petition filed in the District Court, and was not considered by the District Court. Although we are not required to pass on this contention, nevertheless, we do so and find no merit in such contention. In Frisbie v. Collins, 342 U.S. 519, at page 522, 72 S.Ct. 509,

at page 511, 96 L.Ed. 541 (1952), the Court stated:

"This Court has never departed from the rule announced in Ker v. [People of State of] Illinois, 119 U.S. 436, 444, [7 S.Ct. 225, 229, 30 L.Ed. 421], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." [Footnote omitted.]

It is alleged in the petition that counsel was appointed to represent appellant at the time of his arraignment, at which time he entered a plea of not guilty. Thereafter, he was represented by counsel through his trials and at the time of the imposition of sentence.

We consider first appellant's contention that perjured testimony procured by the Prosecutor was used against him at the trial. In this respect appellant says that he was improperly identified at the preliminary hearing by the prosecuting witness; that one of the offenses charged was rape, and the victim testified that her assailant had a scar on his face; that he had no scar, but, encouraged by the Prosecutor, the victim identified him as the man; that he was tried three times in the Superior Court, there being a hung jury at the first two trials; and that at his first and second trials, a similar identification occurred.

In respect to the third trial the petition alleges the victim "changed her testimony and described the person who was supposed to have assaulted her, without a scar, and also stated that she had for-

gotten she had ever testified that that person had a scar. This was a result from having been told by the Prosecutor to forget about the scar and to identify the defendant. This statement can be verified by the testimony of a Phoenix city detective, who was a witness for the prosecution, who stated on the stand that he had been in the County Attorney's office on the morning of the third trial and heard the Prosecutor coaching the witness."

■ Since appellant's petition was denied without the issuance of an order to show cause, and without an evidentiary hearing, the record of the state proceedings was not before the District Court and appellant's allegations stand unrefuted in the record. In these circumstances the principles laid down in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), require an evidentiary hearing. See also Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791 (1935).

■ We now consider appellant's contention that he was denied his constitutional right to be represented by court-appointed counsel at his preliminary examination.

In his petition appellant states that at the time of his appearance at the preliminary examination he was advised of his right to the aid of counsel; that he stated that he had tried to secure counsel but that he was unable to do so; that he requested the magistrate to appoint counsel to represent him but was informed by the magistrate that he was not authorized to do so; that throughout the preliminary examination he was without the assistance of counsel; that he was ignorant of the law and of his rights and how to exercise them; that he was without knowledge of legal procedure; that he had never been before a court; and that he did not know how to cross-examine witnesses; that he was improperly identified at the preliminary examination; that one of the offenses charged was rape and that he was improperly identified as the assailant by the victim of the alleged assault and rape upon her;

that the victim testified at the preliminary examination that her assailant had a three and one-half inch scar on the right side of his face; that he had no scar but, encouraged by the Prosecutor, the victim identified him as her assailant; that he was brought before the magistrate for his preliminary examination in handcuffs which were unlocked in the presence of the victim of the alleged rape; that he did not cross-examine the victim because he did not know how; that his first two trials in the Superior Court resulted in mistrials because of the failure of the jury to agree on a verdict; that at each of said trials the victim identified her assailant as having a big scar on his face; that at the third trial the victim changed her testimony and described her assailant as a person without a scar, and further stated that she couldn't remember she had ever testified that her assailant had a scar.

Since the petition was denied by the District Court without the issuance of an order to show cause, and without an evidentiary hearing, neither the District Court nor this Court has before it any transcript of the record of the proceedings before the magistrate or of the proceedings before the Superior Court, other than are contained in appellant's petition. It appears that appellant did not testify at the preliminary examination nor did he make any statement. The petition does not allege that the testimony of any witness against him at the preliminary examination was introduced as evidence in his trials in the Superior Court.

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * * and to have the Assistance of Counsel for his defense." In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Court held that the right to counsel is a fundamental right and through the Fourteenth Amendment is made obligatory upon the states.

In Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114

(1961), the Court held that arraignment under Alabama law is a critical stage in a criminal proceeding. In that case the defendant was indicted for burglary and without counsel entered a plea of not guilty at arraignment. In reversing a subsequent conviction the Court stated:

"Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of insanity must be pleaded * * *, or the opportunity is lost. * * * Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is 'not revisable' on appeal. * * * Pleas in abatement must also be made at the time of arraignment. * * * It is then that motions to quash based on systematic exclusion of one race from grand juries * * *, or on the ground that the grand jury was otherwise improperly drawn * * *, must be made.

"Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes." [Footnote omitted.]

In White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), the accused was without counsel at the preliminary hearing. At such hearing he pleaded guilty and subsequently withdrew the same. During his trial the plea of guilty entered at the preliminary hearing was introduced into evidence against him. His conviction was reversed, the Court stating at page 60, 83 S.Ct. at page 1051:

"Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that

plea was taken at a time when he had no counsel."

In neither of these cases did the Supreme Court of the United States consider whether there was actual prejudice because it determined that the lack of counsel at a crtical stage of criminal proceedings was *per se* a violation of the constitutional guarantee of the Sixth Amendment.

Our task is to determine, if we can from the record before us, whether the preliminary examination afforded to appellant without the aid of counsel was a "critical stage" in the criminal proceedings against him.

In State of Arizona v. Moses, 101 Ariz. 426, 420 P.2d 560, filed November 30, 1966, the Supreme Court of Arizona held that Moses' preliminary examination was not a critical stage in the criminal proceedings against him. In that case Moses was informed of his right to the aid of counsel at his preliminary examination. Since the record before the court was silent as to any request by Moses at his preliminary examination for counsel, the Supreme Court assumed that he made none. The opinion states that Moses did not plead, nor did he lose any rights or defenses which might have been available to him. The Supreme Court held that the mere lack of counsel for Moses at the preliminary examination, without more, did not operate to make Moses' preliminary examination a critical stage in the criminal proceedings against him.

In the instant case appellant requested the aid of counsel at his preliminary examination, and such request was denied. In addition we have the alleged change of testimony by the victim of the alleged assault on a crucial matter of identification. Such fact requires an inquiry as to the availability to appellant's counsel, for purposes of impeachment, of the transcript of the victim's contrary testimony given under oath at the preliminary examination.

This inquiry leads us to the provisions of Rule 28 of the Arizona Rules of Criminal Procedure (17 A.R.S.). Rule 28 deals with the reduction to writing of the testimony of witnesses given at a preliminary examination, and in substance states that such testimony shall *on request of the defendant or the prosecutor,* either be reduced to writing by the magistrate *or be taken down by a court reporter and transcribed.* The rule further provides that the defendant shall be entitled to a copy of the transcript *upon payment of the cost thereof.* Unless requested, no transcript is filed in the Superior Court. See State of Arizona v. Moses, supra.

We are unable to determine from the record before us whether there was present at the preliminary examination a court reporter, or whether the proceedings were transcribed. In Moses, supra, it is stated that a "[d]efendant has the right to have testimony at his preliminary hearing reduced to writing and a transcript filed in the case if he requests it."

From the allegations in appellant's petition of his ignorance of law and of court procedure, we are justified in assuming that he was unaware of his right to request that the victim's testimony be reduced to writing, and of the importance of its use for impeachment purposes at his subsequent trial in the event the victim changed her testimony. An unrepresented defendant may not be aware of the importance of having a transcript of the victim's testimony under oath. We are morally certain that if appellant had had the aid of competent counsel at his preliminary examination, his counsel would have required such testimony to be preserved for possible use for impeachment purposes at the trial.

If, in the instant case, the County Attorney requested that such testimony be reduced to writing, we are justified in assuming from appellant's allegations of poverty that no copy was furnished to him because of his inability "to pay the cost thereof."

We are unable to determine from the record before us whether the transcript of the victim's testimony at the prelimi-

nary examination was available to appellant's counsel at the third trial, and hence unable to determine whether appellant's lack of counsel at his preliminary examination, viewed in the light of the circumstances disclosed in this opinion, made his preliminary examination a "critical stage" in the criminal proceedings against him.

The determination of such problem, as well as the determination of whether perjured testimony procured by the Prosecutor was used against the appellant, require a remand of this cause to the District Court for the issuance of an order to show cause on appellee, and for an evidentiary hearing at which time appellant should be present.

The order of the District Court denying appellant's petition for a writ of habeas corpus is vacated, and the cause remanded to the District Court for further proceedings consistent with the views herein expressed.