People of the State of Illinois, Plaintiff-Appellee, v. John E. Givans (Otherwise Called) John E. Givins (Impleaded), Defendant-Appellant.

Gen. No. 50,778.

First District, First Division.

May 8, 1967.

Philip T. Reinstein, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

John E. Givans, otherwise called John E. Givins, was indicted for robbery. He was tried by the court and jury, found guilty and sentenced to serve a term in the penitentiary of one to eight years. The defendant is seeking a reversal of the conviction for the following reasons:

1. The prosecutor made prejudicial remarks to the jury during voir dire.
2. Defense Instruction #19 was improperly denied.
3. The Defendant was denied free transcript of preliminary hearing.
4. Testimony as to toy gun and its entrance into evidence was prejudicial.
5. Defendant was not appointed an attorney for the preliminary hearing.
6. Testimony of Dr. Geary should not have been allowed into evidence.

On May 27, 1964, at approximately 10:00 p. m., Powatan Fluker, a taxi driver employed by the Yellow Cab Company, accepted two young men at State and Randolph Streets in the city of Chicago to be driven to the south side of the city. As the cab neared the destination, one of the men pulled out a toy pistol and held up the driver, taking $21.80. The defendant and his partner then instructed Mr. Fluker to drive on and after a number of brief stops the defendant and his partner left the cab. Mr. Fluker reported the robbery to the police and described the robbers. The police officers and Mr. Fluker searched the area and found the defendant and his partner. Both men were arrested. The toy gun was found on the person of the defendant's partner and the money on the defendant. Mr. Fluker identified the defendant again in a lineup the next day.

425

On July 20, 1964, the trial judge ordered that defendant be examined by the Behavior Clinic of the Circuit Court of Cook County. On August 27, 1964, a jury found the defendant incompetent to stand trial and he was placed in a hospital. On January 21, 1965, a change of status statement from the hospital was received and the case was reinstated on the trial docket and set for trial on April 19, 1965.

 The defendant claims that the State's Attorney remarked, during the examination of the jurors, that if they found the defendant not guilty by reason of insanity, he would walk the streets free. The defendant failed to object and there was no transcript made of the voir dire. However, the following day, in chambers, the trial judge did recall that the State, in its examination of prospective jurors, did say something similar to the remarks attributed to it by defense counsel. The judge also noted for the record that the defense asked the prospective jurors what they felt should be done with mentally ill persons. The answers were that they should be treated. Thus, in view of the overall examination of the jurors by both sides, the trial judge ruled that there had been no prejudice toward the defendant and that his right to a fair trial had not been interfered with. The record sustains the State's position that the defendant was not denied a fair trial.

 The defendant also tendered the following instruction, Number 19:

> "If you find the defendant not guilty by reason of insanity, the State could at that time petition for defendant's commitment to a mental institution, pursuant to the provisions of the Mental Health Act."

Defendant claims that the failure to allow this instruction prejudiced him and violated his right to due process of law. A general instruction on the defense of insanity

was given. The type of instruction requested by the defendant was one that might have been given, if at all, at the time the remark was made by the State's Attorney. However, the trial judge had ruled that the remark was not prejudicial in light of the total voir dire and consequently it was not error to refuse to give the instruction at the close of the case. Nor was it error to refuse to give this instruction in light of all the instructions that were given.

■ The defendant claims another violation of due process because he was not provided with a free transcript of the preliminary hearing. There is no indication in the record that such a transcript was ever made. Neither the statute nor the case law require the State to provide a transcript of a preliminary hearing. People v. Morris, 30 Ill2d 406, 197 NE2d 433 (1964); People v. Ritchie, 36 Ill2d 392, 222 NE2d 479 (1966). Therefore, the defendant's rights were not violated.

■ The defendant also urges that the testimony as to the existence of a toy gun and the admittance of such gun into evidence was prejudicial and denied him due process of law. The evidence shows that the toy gun was used in the robbery. It was identified by Mr. Fluker and by the arresting officer. In People v. Ashley, 18 Ill2d 272, 280, 164 NE2d 70 (1960), the court said:

> "(W)here it appears that defendant participated in a crime in which the weapon was used, it may be admitted though he himself did not wield or possess it. People v. Maciejewski, 294 Ill 390; People v. Sobzcak, 286 Ill 157."

There was sufficient evidence to connect the gun and the defendant with the crime and make the gun admissible.

It is further urged that the State's failure to provide defendant with an attorney at the preliminary hearing

■■■■■■■■

was a violation of his rights. The defendant alleges that the preliminary hearing was held on May 29, 1964. The record discloses no such hearing. The first event in the record is the filing of the true bill by the grand jury on June 10, 1964. At that time bail was set at $5,000. On June 25, 1964, defendant was arraigned, Holland C. Capper was appointed his counsel, a plea of not guilty was entered and the case was set for trial. There is no question that defendant's constitutional rights were fully protected from the time of his arraignment.

Relying on Escobedo v. Illinois, 378 US 478 (1964) and Miranda v. Arizona, 384 US 436 (1966), defendant claims that he was entitled to be represented by an attorney at the alleged preliminary hearing. Miranda is not applicable to the instant case because the entire proceedings were completed prior to June 13, 1966. Johnson v. New Jersey, 384 US 719 (1966). Escobedo is also inapplicable, it being limited to the peculiar facts of the case. People v. Hartgraves, 31 Ill2d 375, 202 NE2d 33 (1964); People v. Kees, 32 Ill2d 299, 205 NE2d 729 (1965).

■■■ The defendant also argues that on the basis of Crooker v. California, 357 US 433 (1958) and White v. Maryland, 373 US 59 (1963), he was entitled to an attorney at the preliminary hearing. However, even assuming such a hearing were held, "(a) preliminary hearing in Illinois is not a 'critical stage' where rights or defenses must be raised or lost, and neither is it a proceeding at which pleas are made or received." People v. Morris, 30 Ill2d 406, 197 NE2d 433 (1964). The Crooker and White cases were considered by the Supreme Court in Morris and held to be inapplicable to a preliminary hearing in Illinois. As in the Morris case there is no showing here that the absence of counsel at the preliminary hearing prejudiced the defendant in any

manner. We find no denial of due process of law to this defendant.

Defendant objects to the testimony of Dr. Geary, a psychiatrist called by the State in rebuttal. Defendant had called as witnesses on his behalf, his stepfather, his landlady, a priest from St. Leonard's House and a psychiatrist, Dr. Parks, who had examined him 2 weeks prior to the crime. All these witnesses testified that they believed that defendant lacked the ability to appreciate the criminal nature of his act or conform his conduct to the requirements of the law on May 27, 1964, the date of the crime. The State then called Dr. Geary. Dr. Geary had examined the defendant in March, 1964, when he had been brought to Cook County Mental Health Clinic by his relatives, requesting that he be admitted to the hospital. Although Dr. Geary admitted defendant into the hospital, he discharged him the following day. The doctor did not see the defendant again until the middle of May, 1964. This was concurrent with the time that Dr. Parks, who testified for the defense, saw the defendant. These two doctors reached diametrically opposed conclusions about the defendant's mental state and criminal responsibility.

■■ Defendant now contends that it was error for the court to permit Dr. Geary to testify because his testimony was privileged under section 5.2 of the Evidence Act, Ill Rev Stats c 51, § 5-2 (1965). It was the defendant who raised the defense of insanity. The burden of proving the defendant sane at the time of the crime was on the State. By calling his own doctor to the stand, defendant waived his right to assert the privilege and prevent Dr. Geary from testifying. In State v. Sapp, 356 Mo 705, 203 SW2d 425, (1947), the defendant to a robbery charge had asserted the defense of insanity. He called as witnesses three doctors who had examined him. He then objected to the State calling two additional

doctors. The Missouri Supreme Court stated that he "could not be permitted to call as witnesses only those doctors whom he desired to call, and then claim the right to object as to other doctors who treated and examined him for the same condition."

We find no error on the part of the trial judge in allowing the testimony of Dr. Geary in the instant case.

For the foregoing reasons the judgment of the Circuit Court of Cook County, Criminal Division is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.