Richard L. HUNT, Appellant,

v.

Frank A. EYMAN, Warden, Appellee.

No. 22807.

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1968.

Rehearing Denied Jan. 21, 1969.

Richard L. Hunt, in pro. per.

Darrell F. Smith, Atty. Gen. of Arizona, Gary K. Nelson, James S. Tegart, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before BARNES, DUNIWAY and CARTER, Circuit Judges.

DUNIWAY, Circuit Judge:

Appellant is a prisoner of the State of Arizona, convicted of grand theft, Ariz. R.S. §§ 13–661, 13–663, with a prior felony charge, violation of the Dyer Act, 18 U.S.C. § 2312. He was sentenced as a recidivist, receiving a longer sentence (12 years) than that provided by the statute defining the substantive offense (10 years maximum). He did not appeal, but, within the time allowed for appeal, filed petitions for writs of habeas corpus in the state courts, which were denied without opinion. He could still appeal his conviction in the state court if he could show that his failure to appeal was "without fault on his part." (Rule 16(a), Rules of the Supreme Court of Arizona, 17 Ariz.R.S.) The district judge denied the present petition for a writ of habeas corpus on the ground that appellant had not exhausted his state remedies. (28 U.S.C. § 2254(b), (c).) He thought it probable that the state courts denied the writs because appellant had not appealed his conviction.

Because there is doubt whether appellant now has an available state remedy as defined in 28 U.S.C. § 2254, we decide the matter on other grounds.

1. *The recidivist issue.*

■ Since appellant's petition was filed, the Arizona courts have upheld appellant's contention that he was unlawfully found to be a recidivist, and he has been resentenced to 10 years. This question is moot.

2. *Illegal extradition.*

■ Appellant says that he was illegally brought from California to Arizona. Arizona says that he was properly extradited. Even if appellant were right, that would not entitle him to the writ. Frisbie v. Collins, 1952, 342 U.S. 519, 522, 72

S.Ct. 509, 96 L.Ed. 541; Ker v. Illinois, 1886, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421; Tynan v. Eyman, 9 Cir., 1967, 371 F.2d 764; cf. Keegan v. United States, 9 Cir., 1967, 385 F.2d 260, 264.

3. *Definition of insanity.*

Appellant claims that it was a violation of his federal constitutional rights for the state trial court to apply the so-called M'Naghten rule in rejecting evidence offered in support of his claim that he was not guilty by reason of insanity. Application of that rule by a state does not violate the United States Constitution. Leland v. Oregon, 1952, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302. Cf. Ramer v. United States, 9 Cir., 1968, 390 F.2d 564, 576.

Affirmed.