**Isom MOSES, Petitioner,**

v.

**Frank A. EYMAN, Superintendent, Arizona State Prison at Florence, Respondent.**

**No. Civ. 69–242.**

United States District Court,
D. Arizona.

Aug. 26, 1969.

Gerald W. Alston, Tucson, Ariz., for petitioner.

Gary K. Nelson, Atty. Gen., Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, Ariz., for respondent.

OPINION AND ORDER

COPPLE, District Judge.

Petitioner has filed herein a petition for writ of habeas corpus and a motion to proceed in forma pauperis. On June 4, 1969, the motion to proceed in forma pauperis was granted and the respondent was ordered to show cause why the writ of habeas corpus should not be granted. Pursuant to this order, the respondent has filed a response and a transcript of the state court proceedings. Petitioner has submitted a reply.

Petitioner was found to be guilty on three counts of the illegal sale of a narcotic drug after a jury trial in Arizona Superior Court, Maricopa County, Arizo-

na, in June, 1964. On each count, he was sentenced to a term of 15–20 years in the Arizona State Prison. On appeal to the Arizona Supreme Court, his conviction was affirmed on the merits. State v. Moses, 101 Ariz. 426, 420 P.2d 560 (1966).

Petitioner alleges that at his preliminary hearing he requested counsel and a court reporter, but both requests were denied. No transcript was made of the proceedings at the preliminary hearing. Petitioner contends that this procedure was erroneous and in support of his contention presents three substantial federal issues cognizable under habeas corpus: (1) he was denied access to a transcript because of his poverty and therefore was denied the equal protection of the laws; (2) the preliminary hearing ipso facto is a "critical stage" in the proceedings, requiring the assistance of counsel in compliance with the Sixth Amendment, because its real purpose is to allow defense counsel to procure information crucial to the preparation of the defense; and (3) if the preliminary hearing ipso facto is not a "critical stage" of the proceedings, it nonetheless is "critical" when a transcript of the hearing is unavailable.

■ Petitioner's first contention is supported by a recent decision rendered by the United States Supreme Court, Roberts v. LaVallee, 389 U.S. 40, 88 S. Ct. 194, 19 L.Ed.2d 41 (1967). There the court held that an indigent was entitled to free transcript of the preliminary hearing. But even if this Court were to apply *Roberts* retroactively to the petitioner, his contention, when considered in a light most favorable to him, is without merit. Petitioner makes no allegation that he was prejudiced by the unavailability of the transcript. Moreover, the transcript of the trial proceedings shows that the testimony of the state's chief witness was substantially corroborated by three other witnesses. Under the circumstances, any error was harmless. See Gardner v. United States, 132 U.S.App.D.C. 331, 407 F.2d 1266 (1969).

■ Petitioner's second contention is likewise without merit. The United States Supreme Court recently stated in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968), that

"A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists."

In addition, the Ninth Circuit Court of Appeals has repeatedly held that a preliminary hearing is a "critical stage" of the proceedings only if the accused can show that, under the facts of the particular case, he was prejudiced by the denial of counsel. Robbins v. United States, 387 F.2d 139 (9th Cir. 1967); Allen v. Wilson, 365 F.2d 881 (9th Cir. 1966); Johnson v. United States, 361 F.2d 447 (9th Cir. 1966), cert. denied 385 U.S. 976, 87 S.Ct. 516, 17 L.Ed.2d 439 (1966); Chester v. California, 355 F.2d 778 (9th Cir. 1966); Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965), cert. denied 383 U.S. 951, 86 S.Ct. 1213, 16 L.Ed.2d 213 (1966); Marcella v. United States, 344 F.2d 876 (9th Cir. 1965), cert. denied 382 U.S. 1016, 86 S. Ct. 630, 15 L.Ed.2d 531 (1966). Thus, it is clear that a preliminary hearing is not, in and of itself, a "critical stage" in the proceedings.

In support of his third contention— that if a transcript of the preliminary hearing is unavailable, the hearing would be a "critical stage" in the proceedings—petitioner primarily relies upon Tynan v. Eyman, 371 F.2d 764 (9th Cir. 1967). Petitioner's reliance is misplaced. It is evident that in the first *Tynan* case, supra, and in its sequel, Tynan v. Eyman, 397 F.2d 53 (9th Cir. 1968), cert. denied 393 U.S. 954, 89 S. Ct. 383, 21 L.Ed.2d 366 (1968), the court's inquiry was not directed towards whether or not there was a transcript; rather, its primary concern was whether the petitioner had in fact been prejudiced. Petitioner had alleged facts which, had they been true, would have raised a substantial question of preju-

dice. The court ultimately concluded that "the transcript of the testimony * * * at the preliminary examination would have been of no value * * * for impeachment purposes" and "it is clear to us * * * that he suffered no prejudice because of lack of representation at the preliminary examination." 397 F.2d at 55. The *Tynan* decisions thus appear to be in full accord with Johnson v. United States, 361 F.2d 447 (9th Cir. 1966) (per curiam), cert. denied 385 U.S. 976, 87 S.Ct. 516, 17 L.Ed.2d 439 (1966), where the court held that the defendant was not prejudiced by the failure to assign counsel at the preliminary hearing or by the failure to order that the proceeding be reported so that a transcript would be available to the defendant. Here, as noted above, petitioner does not claim to have been prejudiced in any manner. Accordingly,

It is ordered that petitioner's petition for writ of habeas corpus is hereby denied.