UNITED STATES of America ex rel. Ernest BONNER, Petitioner-Appellant,

v.

Frank J. PATE, Respondent-Appellee.

No. 17791.

United States Court of Appeals, Seventh Circuit.

Aug. 3, 1970.

Sam Adam, Edward M. Genson, Chicago, Ill., for appellant.

William J. Scott, Atty. Gen. of Illinois, James R. Thompson, Joel M. Flaum, Asst. Attys. Gen., Morton E. Friedman, Asst. Atty. Gen., of counsel, for appellee.

Before CUMMINGS and KERNER, Circuit Judges, and GRANT, District Judge.*

PER CURIAM.

Petitioner sought review of his state court conviction under 28 U.S.C. § 2254 in the district court. The court denied relief and petitioner appeals.

Petitioner requested a continuance at a preliminary hearing preceding his indictment and trial in state court in order that he could retain a lawyer. The continuance was denied and petitioner was identified by a police officer and the complaining witness. No plea was made. At the conclusion of the hearing, petitioner was held for the Grand Jury. Petitioner attacks his conviction con-

---

* The Honorable Robert A. Grant, Chief Judge, is sitting by designation from the Northern District of Indiana.

tending the failure to have an attorney at a preliminary hearing violated his constitutional rights.

 The Supreme Court has held that where a defendant's rights or defenses may be "irretrievably" lost at a preliminary hearing such that the whole trial is affected, the preliminary hearing is a "critical stage" of the proceedings and the defendant is entitled to an attorney. Hamilton v. Alabama, 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). Recently in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Court concluded that even though a defendant's rights are not lost at a preliminary hearing, the preliminary hearing is a "critical stage" and a defendant is entitled to a lawyer. The Court, however, in fashioning a remedy in *Coleman* decided that the trial court should determine whether the defendant was prejudiced by denial of an attorney. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Since denial of an attorney at a preliminary hearing when no rights are lost does not "invariably deny a fair trial, * * *" we hold that the ruling announced in *Coleman* is not retroactive. Stovall v. Denno, 388 U.S. 293, 297, 81 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); United States v. Beard, 381 F.2d 325 (6th Cir. 1967).

Applying the pre-*Coleman* standard, we find in the present case that there is no evidence that anything occurred at the preliminary hearing such that the defendant was deprived of due process of law. *Cf.* Stovall v. Denno, *supra.* In Illinois a defendant does not enter a plea at a preliminary hearing. The purpose of the hearing is to determine whether a crime has been committed and whether probable cause exists to bind the defendant over to the Grand Jury for indictment. Ill.Rev.Stat. Chap. 38, §§ 109–3, 111–2. Further, "a finding of probable cause is not binding upon a subsequent grand jury." People v. Morris, 30 Ill.2d 406, 411, 197 N.E.2d

433, 436 (1964). While a defendant may waive Grand Jury indictment under Ill.Rev.Stat. Chap. 38, § 111–2, failure to make such waiver does not affect the fairness of the trial. As to the claim of prejudice by the identifications, petitioner was convicted prior to the Supreme Court's decision in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), which was held not retroactive in Stovall v. Denno, *supra.*

Therefore, for the foregoing reasons, we affirm the district court's denial of relief.

Affirmed.