**Samuel BRITT et al.,**
**Plaintiffs-Appellants,**

v.

**Elwood S. McKENNEY et al.,**
**Defendants-Appellees.**

**No. 75–1279.**

United States Court of Appeals,
First Circuit.

Argued Oct. 9, 1975.

Decided Jan. 23, 1976.

Henry Paul Monaghan, Boston, Mass., with whom Wallace W. Sherwood, Brian W. LeClair, Richard W. Benka, and Foley, Hoag & Eliot, Boston, Mass., were on brief, for appellants.

Robert V. Greco, Asst. Atty. Gen., Crim. Div., with whom Francis X. Bellotti, Atty. Gen., and John J. Irwin, Jr., Asst. Atty. Gen., Crim. Bureau, Boston, Mass., were on brief, for appellees.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

■ On this appeal five plaintiff appellants seek to maintain a class action for a declaratory judgment to the effect that Massachusetts criminal defendants who are unable to afford stenographers or other means to record the testimony at probable cause hearings, Mass. G.L. c. 276, §§ 38, 42, have been constitutionally deprived by the Commonwealth's failure to create a transcript. They are faced at the outset with a claim that jurisdiction for declaratory relief does not exist. If none of the named plaintiffs may maintain this action on their own behalf, they may not seek such relief on behalf of a class. *O'Shea v. Littleton,* 1974, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674.

■ It is agreed that all five plaintiffs are indigent, and had probable cause determinations made against them at hearings at which there were no stenographers or tape recordings, it not being the court's practice to make such records,[1] although Massachusetts permits parties to do so on their own. All five were thereupon "bound over" to the grand jury, and subsequently indicted. Two have been tried and acquitted. Except on the claim that they may commit future crimes, so as to raise the question in futuro, it is impossible to see how these two plaintiffs have any interest in the issue.[2] A speculative future interest is not enough. *Golden v. Zwickler,* 1969, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113. The remaining three plaintiffs were tried and convicted. One is presently incarcerated, another has been released on parole, and the third is on pro-

---

1. A few comparable Massachusetts courts have been making recordings on an experimental basis. Plaintiffs, correctly, do not contend that this is a denial of equal protection in those courts that are not part of the experiment. *Cf. Aguayo v. Richardson,* 2 Cir., 1973, 473 F.2d 1090, 1108–10, *cert. denied sub nom. Aguayo v. Weinberger,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101.

2. Although the two acquitted plaintiffs were incarcerated for want of bail, awaiting trial, when the action was brought, their claim is mooted even if regarded as a habeas proceeding, since there is no present custody, or conviction, *cf. Carafas v. LaVallee,* 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; *Robson v. United States,* 1 Cir., 1975, 526 F.2d 1145.

bation. We may assume that they are all sufficiently in custody to maintain petitions for habeas corpus. *See Jones v. Cunningham,* 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (parole); *Hensley v. Municipal Court,* 1973, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (released on own recognizance).

■ However, the complaint seeks relief not against plaintiffs' custodians but against state court judges. Federal courts normally have no jurisdiction to decide cases which present no active controversy between the parties at the time of decision. *Golden v. Zwickler,* ante.[3] With regard to any present connection with the named plaintiffs, defendants are functus officio and are not exposed even to a civil action for damages. *Pierson v. Ray,* 1967, 386 U.S. 547, 553–55, 87 S.Ct. 1213, 18 L.Ed.2d 288. Declaratory relief against the judges is accordingly inappropriate.

■ Nonetheless, plaintiffs correctly argue that it would be a simple matter to substitute their custodians, who would presumably be represented by present counsel, and with whom there does exist a live controversy, as defendants. There seems no good reason to avoid a decision on the merits, if there is a legitimate defendant. *Cf. Hensley v. Municipal Court,* ante, 411 U.S. at 352, 93 S.Ct. 1571. Even if declaratory relief is inappropriate, that fact would not alone prevent treating this action as a habeas corpus proceeding. *See Scruggs v. Henderson,* 6 Cir., 1967, 380 F.2d 981 (per curiam); *Coronado v. United States,* 5 Cir., 1965, 341 F.2d 918 (per curiam), *cert. denied,* 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 707; *cf. United States v. Morgan,* 1954, 346 U.S. 502, at 505 & n. 3, 507, 74 S.Ct. 247, 98 L.Ed. 248; *Gajewski v. United States,* 8 Cir., 1966, 368 F.2d 533 (per curiam), *cert. denied,* 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786. On the other hand, if a decision on the mer-

its is to be justified by the existence of actual controversies with individual custodians, the basis for a class action would seem highly attenuated, even though a technical argument might be made that each custodian is an agent for the state, the more particularly because before a writ would be granted the state would be entitled to show that any alleged error was harmless. We will proceed with the suit on the assumption that the correct defendants will be named, but not as a class action.[4]

No useful purpose would be served by our repeating the extensive discussion contained in the majority and dissenting opinions of the Massachusetts Supreme Judicial Court, *Commonwealth v. Britt,* 362 Mass. 325, 285 N.E.2d 780. We merely add a few observations.

■ Although the Massachusetts probable cause hearing is of a substantive character, *see Myers v. Commonwealth,* 363 Mass. 843, 298 N.E.2d 819, causing it to constitute a "critical stage" in the proceedings under *Coleman v. Alabama,* 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, we think it clear that if no transcript were obtainable by anyone there would be no deprivation of due process. Under Massachusetts law any further proceedings are de novo. "A decision that there is probable cause does not assure further prosecution; a decision that there is no probable cause does not preclude further prosecution." *Commonwealth v. Britt,* ante, 285 N.E.2d at 783. The state need not provide such a probable cause hearing before prosecuting on an indictment, and an error at such a hearing would not void a subsequent indictment or conviction. *See id.,* 285 N.E.2d 783–84; *Gerstein v. Pugh,* 1975, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54. We do not believe there is an affirmative due process obligation to record testimony just because it might be of use to a defendant.

---

**3.** The "evading review" exception, *Roe v. Wade,* 1973, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147, is inapposite.

**4.** We realize that since plaintiffs are losing the case on the merits, post, the Commonwealth now may be the one to regrét that plaintiffs' class action claim fails.

With regard to plaintiffs' equal protection claim, the question is not whether the state has denied equal protection in furnishing a transcript to a defendant who can pay for it but not to one who cannot, *cf. Roberts v. LaVallee,* 1967, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (per curiam), but simply whether there is a constitutional violation in not providing plaintiffs with a transcript when affluent defendants could provide their own.

 The matter of equal protection in this area is a question of degree. *Ross v. Moffitt,* 1974, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341. We cannot agree with plaintiffs that the same reasoning applies for providing a transcript of a probable cause hearing as does for requiring counsel. A defendant's need for counsel is far greater. In *Coleman* the plurality opinion noted four reasons counsel are important at probable cause hearings: (1) for purposes of cross-examination; (2) to obtain testimony useful at trial; (3) for discovery, and (4) to be heard on bail and other preliminary matters. Some of these reasons do not require the recording of the testimony at all, and others make recording of at least secondary importance. 399 U.S. at 9, 90 S.Ct. 1999. Furthermore, the deciding opinion of Mr. Justice Black rested upon the specific constitutional right to counsel.

Non constat that a recording, if effected by the state, cannot be withheld because of lack of ability to pay, *Roberts v. LaVallee,* ante; *cf. Britt v. North Carolina,* 1971, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400. *Roberts* has been read to mean that a transcript is always so important that any difference between the indigent and nonindigent is per se impermissible. *Gardner v. United States,* 1969, 132 U.S.App.D.C. 331, 407 F.2d 1266, *cert. denied,* 395 U.S. 911, 89 S.Ct. 1757, 23 L.Ed.2d 225. However, there must be a point at which a state need not submit to a demand based on indigency. *Ross v. Moffitt,* ante, 417 U.S. at 616, 94 S.Ct. 2437. We think it appropriate to contrast the need for counsel at a probable cause hearing with the need for a transcript. While there is no black and white answer to this question, the need for a transcript does not seem great enough to include the provision thereof within the category of states' affirmative equalizing obligations just because some parties are able to record transcripts on their own. We accept the view of the Massachusetts court.

*Affirmed.*