Dean A. PHEGLEY, Petitioner,

v.

James GREER, Warden, and William J. Scott, Attorney General of the State of Illinois, Respondents.

No. 80–3071.

United States District Court,
C. D. Illinois,
Springfield Division.

Sept. 22, 1980.

**520**

Dean A. Phegley, pro se.

Tyrone C. Fahner, Atty. Gen., Suzan Sutherland, Asst. Atty. Gen., Springfield, Ill., for respondents.

### ORDER

J. WALDO ACKERMAN, District Judge.

In 1974, petitioner was convicted of murdering a two–year–old child and sentenced to fifty to one–hundred years in the penitentiary. Petitioner was also found guilty of involuntary manslaughter and endangering the life and health of a child. The verdicts for these two offenses were set aside. His conviction was affirmed and all available state remedies have been exhausted. Petitioner now seeks habeas corpus relief on the grounds that (1) the evidence produced at the trial failed to establish petitioner's guilt of the offense of murder; (2) the jury returned inconsistent verdicts, finding petitioner guilty of both involuntary manslaughter and murder; (3) the sentence of fifty to one–hundred years was so excessive as to deny petitioner due process and equal protection; and, (4) the trial court's failure to appoint a court reporter to record the testimony at the preliminary hearing deprived petitioner of due process and equal protection.

Pursuant to 28 U.S.C. § 2254(a), this Court may entertain an application for a writ of habeas corpus only on the ground that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. His contention that his sentence was so excessive as to deny him due process and equal protection does not meet this standard. The sentence was within the range prescribed by statute and does not deprive petitioner of any constitutionally protected right. The severity of a sentence is not sufficient grounds for habeas corpus relief. *United States ex rel. Sluder v. Brantley*, 454 F.2d 1266, 1269 (7th Cir. 1972). *See also, Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980). Accordingly, this claim for relief is denied.

Petitioner also contends that his convictions for both murder and involuntary manslaughter are inconsistent and therefore he is entitled to a new trial. This claim does not entitle petitioner to relief, again because no constitutional right has been infringed. Furthermore, in Illinois, the crimes of murder and involuntary manslaughter do not require proof of different mental states. The only distinction between the crimes is the degree to which a defendant's acts risk death or great bodily harm. *See People v. Johnson*, 33 Ill.App.3d 168, 337 N.E.2d 240 (1975). Consequently, as the Illinois Appellate Court for the Fourth District noted, there is nothing in the nature or elements of either crime to render a verdict finding defendant guilty of both murder and involuntary manslaughter inconsistent.

Petitioner next challenges his conviction on the ground that the evidence failed to establish beyond a reasonable doubt that he was guilty of murder. The United States Supreme Court recently set forth the applicable standard of review for such a claim. In *Jackson v. Virginia*, 443

U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), the Court stated that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

█ In Illinois, a person who kills an individual without lawful justification commits murder if, in performing the acts which cause death "[h]e knows that such acts create a strong probability of death or great bodily harm . . ." Ill.Rev.Stat. ch. 38 § 9–1. The testimony at trial showed that petitioner was a six foot, three inch, twenty–one year old who weighed between 220 and 230 pounds. Record of Proceedings (hereinafter R.) at 265. The victim was a two–and–one–half year old child. Petitioner forced food down the child's throat, struck him and shook him, causing his head to snap back and forth. R. at 41–45. The child died three days later from a blood clot on the brain.

Upon reviewing the entire record, I find that there was sufficient evidence from which a jury could conclude the petitioner knew his conduct created a strong probability of death or great bodily harm. Accordingly, this claim for relief must be denied.

Petitioner's final contention relates to his request for the presence of a court reporter, at State expense, for the purpose of recording testimony at the preliminary hearing. Petitioner, an indigent, made a timely request for the appointment of a court reporter so that the preliminary hearing could be transcribed. *See* Common Law Record (hereinafter C.) at 15. The basis for the request was that the preliminary hearing was a "critical stage" in the criminal process and that "privately retained counsel would desire a copy of the transcript of this critical stage and would be able to hire a Court Reporter to transcribe the proceedings." C. at 15. In the alternative, petitioner requested that the preliminary hearing be transferred from the Associate Judge to a Circuit Judge who would have a court reporter available.

The request was denied on the ground that a court reporter would not be present for any defendant, indigent or not, because no appropriations are made for such services. C. at 17. The Illinois Appellate Court for the Fourth District affirmed the denial of petitioner's request for a court reporter, noting that although defendants who can afford to hire a private reporter may do so, "Macon County uniformly does not provide court reporters at preliminary hearings." Respondents' Exhibit C at 2. The Appellate Court held that since petitioner failed to demonstrate any prejudice resulting from the absence of a court reporter at his preliminary hearing, no violation of due process or equal protection occurred.

█ In order to put petitioner's claim in the proper context, it should be noted that the 1970 Illinois Constitution provides that defendants are entitled to a preliminary hearing to establish probable cause unless the initial charge is brought by grand jury indictment. Ill.Const. art. 1, § 7 (1970). The preliminary hearing in Illinois is a "critical stage" in the prosecution to which the right to counsel attaches. *People v. Adams,* 46 Ill.2d 200, 205–206, 263 N.E.2d 490 (1970), *aff'd,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972). *See also Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

Petitioner's argument regarding the right to have the preliminary hearing recorded is two–pronged. First, he contends that the refusal to record the testimony violated his due process rights by denying him access to tools necessary to conduct his trial effectively. He relies on *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), where the Supreme Court delineated its reasons for requiring the presence of counsel at preliminary hearings. "[T]he skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial." 399 U.S. at 9, 90 S.Ct. at 2003. Petitioner contends that the court's failure

to record the testimony denied him the ability to impeach witnesses at trial and thus deprived him of the effective assistance of counsel.

Second, petitioner claims that to refuse to appoint a court reporter for an indigent defendant denies him equal protection of the laws. For this proposition, plaintiff relies primarily upon *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), where the United States Supreme Court held that an indigent defendant may not be denied a transcript of his preliminary hearing because he is unable to pay for it.

Unfortunately, respondents in their legal memoranda did not sufficiently develop these issues, according only one paragraph of their motion to dismiss to these points. Petitioner's contentions raise substantial problems with Macon County's practice of failing to record the testimony elicited at preliminary hearings. After exhaustive research, however, I conclude that petitioner's request for habeas corpus relief must be denied.

In *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), the Supreme Court held that the denial of a preliminary hearing transcript to an indigent defendant violated the Equal Protection Clause. There, a record of the preliminary hearing existed and the petitioner had made a timely request for a free transcript. However, a New York statute provided that a transcript would be furnished upon payment of a certain fee. In reaching its conclusion, the Court stated, "Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution." *Id.*, at 42, 88 S.Ct. at 196 citing *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). *See also, Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). And, in *People v. Moore*, 51 Ill.2d 79, 281 N.E.2d 294, *cert. denied*, 409 U.S. 979, 93 S.Ct. 331, 34 L.Ed.2d 242 (1972), the Illinois

Supreme Court held the denial of a transcript of a recorded preliminary hearing to an indigent defendant deprived him of equal protection.

The United States Supreme Court, however, has not addressed the precise issue presented here, i. e., whether an indigent defendant has a right to have the testimony at his preliminary hearing either stenographically or mechanically recorded. The courts which have considered this contention have divided on the proper resolution. In *Gardner v. United States*, 407 F.2d 1266 (D.C. Cir. 1969), the United States Court of Appeals for the District of Columbia Circuit, in the exercise of its supervisory responsibility, ordered the courts in the District of Columbia to record all preliminary hearings either by tape recorder or court reporter. The court's decision was based upon the constitutional status accorded an indigent defendant's right to a transcript by *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). It stated its rationale as follows:

> In some cases denial of a written transcript may in fact be harmless error. But where . . . there is any colorable claim of prejudice, it will be impossible for us to find the error harmless if there is no authoritative way for us to discover what actually transpired. Moreover, whereas an erroneous denial of a written transcript is generally remediable, a prejudicial failure even to record the proceedings may often be incurable.

In *Brooks v. Edwards*, 396 F.Supp. 662, 665 (W.D.N.C. 1974), the district court for the Western District of North Carolina held that a transcript of the preliminary hearing is a "basic tool" of an adequate defense that should not be denied solely because a defendant is indigent. The court there characterized the preliminary hearing as the first exposure of the prosecution's case.

> In practice witnesses are less well prepared than at the Superior Court trial stage. In practice, the prosecuting attorney is less well prepared and the testimony is more spontaneous, ingenuous and less studied. The transcript of this evidence

provides a basis for attempting to hold witnesses to previous statements or admissions. It. also may provide information so that later employed counsel, knowing what was actually said at the hearing, can give the defendant much more pragmatic advice as to his prospects in the later Superior Court trial on the merits. The use of recorded testimony to cross–examine with reference to prior inconsistent statements is an everyday phenomenon . . . .

It may well be that a transcript of a preliminary hearing is more important than a transcript of the trial itself; until convicted an accused is theoretically presumed innocent, and even small disadvantages can be critical, whereas after the trial that presumption has been dispelled and the use of a trial transcript may be of far less value to the accused.

*Id.*, at 665.

Having set forth its view of the importance of the preliminary hearing, the court went on to find that (1) a preliminary hearing is a critical stage of the prosecution; (2) the rights of a defendant at such hearing must not depend upon his ability to pay for a court reporter's services; (3) a transcript of what is said at the hearing is a "basic tool" of defense of a criminal proceeding; and (4) an indigent defendant has the right to have the testimony recorded and transcribed upon request. *Id.*, at 666. Although the refusal to record and transcribe the preliminary hearing was error of constitutional magnitude, the court found on the facts of the case that the error was harmless.

In *Conley v. Dauer*, 321 F.Supp. 723 (W.D.Pa. 1970), the district court held that *Roberts v. LaVallee, supra*, requires that the preliminary hearing proceedings be recorded and transcribed upon request for use by indigent defendants at trial. 321 F.Supp. at 729. The court relied on the defendant's right to have the effective assistance of counsel at a critical stage of the prosecution, and found that the benefits of counsel's presence, enumerated in *Coleman v. Alabama, supra*, i. e., impeachment and

preservation of testimony, could not be attained without a transcript. And concomitantly, a transcript cannot be obtained if the preliminary hearing is not recorded in some fashion. *See also, Moses v. Eyman*, 328 F.Supp. 1227, 1228 (D.Ariz. 1969).

Other courts, however, have decided this precise question and have reached an opposite conclusion. The respondents rely on *Bird v. Peyton*, 287 F.Supp. 860 (W.D.Va. 1968), a case decided prior to *Coleman v. Alabama*, as support for their position that petitioner was not entitled to have his preliminary hearing proceedings recorded. There, the defendant made a timely request to have his preliminary hearing recorded. The district court, in denying the habeas corpus petition, found that the denial of a court reporter did not violate the constitutional rights of the petitioner. The decision was premised on the procedural nature of the preliminary hearing in Virginia, as well as there being no guarantee provided for a preliminary hearing in either the Virginia or United States Constitutions. The court obviously did not consider the preliminary hearing to be a "critical stage" of the prosecution. Therefore, this case is not useful in deciding this matter.

However, the United States Court of Appeals for both the First and Fourth Circuits have considered the issue presently before this Court. The First Circuit in *Britt v. McKenney*, 529 F.2d 44 (1st Cir. 1976), was faced with an identical factual situation as here. Five indigent Massachusetts plaintiffs were given preliminary hearings in their criminal cases where, according to the court's practice, no record of the testimony was made. Massachusetts, however, permitted parties to supply their own recorders. The plaintiffs sought a declaratory judgment that Massachusetts criminal defendants who were unable to afford stenographers or other means to record the testimony at probable cause hearings were constitutionally deprived by the Commonwealth's failure to create a transcript. The district court declined to grant their request and the court of appeals affirmed.

The court recognized that the Massachusetts probable cause hearing, like that of Illinois, constituted a "critical stage" in the proceedings under *Coleman*. Relying on the state's ability to proceed by way of indictment rather than preliminary hearing and its ability to cure any errors which may occur at the preliminary hearing by use of a subsequent indictment, the court found there was no affirmative due process obligation to record testimony just because it might be beneficial to a defendant. 529 F.2d at 46.

The court then addressed the plaintiff's equal protection claim, characterizing the issue as "whether there is a constitutional violation in not providing plaintiffs with a transcript when affluent defendants could provide their own". *Id.*, at 47. The court rejected the rationale that the right to the presence of counsel at a preliminary hearing established by the Supreme Court in *Coleman v. Alabama*, necessitated the recording of testimony. Although the court recognized that if the State recorded preliminary hearings it could not withhold the transcript because of a defendant's indigency, it did not feel that the need for a transcript of a preliminary hearing was great enough to require the state to take affirmative equalizing measures just because some parties were able to record transcripts on their own. *Id.*, at 47. *See, Ross v. Moffitt*, 417 U.S. 600, 616, 94 S.Ct. 2437, 2446, 41 L.Ed.2d 341 (1974).

The United States Court of Appeals for the Fourth Circuit relied on *Britt v. McKenney, supra*, in holding that where there is no official transcript available to anyone, with or without a fee, failure to furnish a transcript to an indigent does not violate the equal protection clause. The court in *Faison v. Zahradnick*, 563 F.2d 1135 (4th Cir. 1977), *cert. denied, sub nom.*, 436 U.S. 908, 98 S.Ct. 2241, 56 L.Ed.2d 406 (1978) reviewed the state court cases which discussed the right of an indigent to a transcript of his preliminary hearing and concluded if, by statute or court rule, the testi-

mony at the preliminary hearing must be transcribed and is available on payment of a fee, the States hold that the indigent has the right to a free transcript. On the other hand, where recording is not required by statute or rule, *failure to record does not* violate his equal protection rights since an indigent is not entitled to more than anyone else. 563 F.2d at 1136 n.3 (collecting cases). *See also, People v. Hanson*, 44 Ill.App.3d 977, 982, 3 Ill.Dec. 778, 359 N.E.2d 188 (1977); *People v. Lewis*, 37 Ill.App.3d 870, 875, 346 N.E.2d 377 (1976).

It is obvious from the authorities discussed above that the decision made here is not free from question. Certainly, the preferred approach would be for the State to record in some manner the testimony at all preliminary hearings. However, as the Supreme Court noted in *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the fact that certain services might benefit an indigent defendant does not mean that the service is constitutionally required.

> The duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process.

*Id.*, at 616, 94 S.Ct. at 2447.

■ Although the weight of authority supports the constitutionality of the issue raised here, as will be discussed below, it is unnecessary to make such a determination in this case. Furthermore, had inconsistencies in testimony occurred, petitioner could have called persons who were present at the preliminary hearing to testify to what was said there, thus completing the impeachment process without the presence of a court reporter. Consequently, petitioner has not been deprived of due process by the absence of a court reporter at the preliminary hearing. *See, People v. Hanson*, 44

Ill.App.3d 977, 982–83, 3 Ill.Dec. 778, 359 N.E.2d 188 (1977).[1]

 Petitioner contends that he wanted the transcript of the preliminary hearing to impeach the mother of the deceased child, the only eyewitness to the beating. He does not allege, however, that any inconsistencies between the testimony at the preliminary hearing and that at trial even occurred. Petitioner was present and represented by counsel at his preliminary hearing. A review of the cross-examination of the child's mother at trial discloses that there was no attempt to introduce any inconsistent statement. Further, the mother's testimony was corrborated by a witness to whom defendant had described the beating. R. at 117–120. Thus, any error in failing to record the preliminary hearing was harmless and the writ will be denied on this ground. *See, Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also, Brooks v. Edwards,* 396 F.Supp. 662 (W.D.N.C.1974); *Moses v. Eyman,* 328 F.Supp. 1227, 1228 (D.Ariz.1969); *cf. United States v. Roach,* 590 F.2d 181, 184 (5th Cir. 1979).

Consequently, for the reasons stated above, the application for habeas corpus relief is denied. However, because petitioner has raised a substantial question, this Court will issue to petitioner a certificate of probable cause to enable him to appeal this decision. Petitioner should examine Rules 3 and 4 of the Federal Rules of Appellate Procedure as well as Title 28 U.S.C. § 2253.

1. The United States Supreme Court has recognized that a verbatim transcript is not required everytime an indigent defendant requests one. In *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that a substitute may suffice even for a trial transcript in some cases.

    We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases.

351 U.S. at 20, 76 S.Ct. at 591 (citation omitted). *See, Miller v. United States,* 317 U.S. 192, 198, 63 S.Ct. 187, 190, 87 L.Ed. 179 (1942) for a detailed description of a bill of exceptions.