## UNITED STATES ex rel. William GARDNER, Jr., Petitioner,

v.

## Leo MEYER, Warden, and Attorney General of the State of Illinois, Respondents.

No. 80 C 5766.

United States District Court, N. D. Illinois, E. D.

April 20, 1981.

On Motion For Summary Judgment June 16, 1981.

---

William Gardner, pro se.

Thomas Crooks, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner William Gardner ("Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). Petitioner is currently incarcerated at the East Moline Correctional Center,[1] where he is serving a ten to twenty year sentence for the July, 1974, armed robbery of a wholesale book and magazine distributorship. His conviction was affirmed by the Illinois Appellate Court in *People v. Gardner*, 82 Ill.App.3d 1195, 42 Ill.Dec. 131, 408 N.E.2d 509 (1st Dist., 1980), *cert. denied*, (Sept. 29, 1980). Since the grounds for relief asserted in the instant habeas corpus action are substantially the same as those raised in the direct appeal, this Court holds that petitioner has exhausted his available state court remedies in accordance with 28 U.S.C. § 2254(b).

Petitioner challenges his state criminal conviction as having been procured in violation of his fourteenth amendment right to due process, in that: (1) the evidence adduced at his trial was insufficient to sustain

---

1. Rule 2(a) of the Rules Governing Section 2254 Cases provides that the State officer having custody of the applicant shall be named as respondent if the applicant is presently in custody pursuant to the state judgment in question. When petitioner filed this petition, he was incarcerated in the Logan Correctional Center in Lincoln, Illinois, and properly named Leo Meyer, the Warden of Logan Correctional Center, as respondent. Petitioner has since been transferred to East Moline. Therefore, the Warden of the East Moline Correctional Center, Richard Gramley, will be substituted for respondent Meyer on the Court's own motion. *See United States ex rel. Veal v. Wolff*, No. 80–0128 mem. op. at 1 n.1 (N.D.Ill., December 23, 1980); *United States ex rel. Gray v. New York State Board of Parole*, 416 F.Supp. 823, 824 (S.D.N.Y.1976).

his conviction; (2) the prosecutor made certain improper remarks to the jury in his closing argument regarding petitioner's credibility; (3) the trial judge abused his discretion in sentencing the petitioner; and (4) the trial judge's abuse of discretion in sentencing petitioner was in retaliation for petitioner's exercise of his right to a trial and refusal to plead guilty. Respondents have moved for summary judgment pursuant to Fed.R.Civ.P. 56.

The standard to be used in deciding a motion for summary judgment is that the "party moving for summary judgment has the burden of clearly establishing the nonexistence of any genuine issue of fact that is material to a judgment in his favor." *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir. 1979). All pleadings and supporting papers must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Stringer v. Rowe*, 616 F.2d 993, 999 (7th Cir. 1980).

### SUFFICIENCY OF THE EVIDENCE

Petitioner alleges that the evidence introduced at his trial was insufficient to support his conviction for armed robbery because it failed to establish a connection between the stolen checks he admittedly cashed and those supposedly taken during the robbery. However, the complainant, owner of the book and magazine distributorship, identified petitioner several times as one of the men who robbed him at gunpoint. Complainant testified that on August 25, 1974, he identified a photograph of petitioner out of eight photographs shown to him by the police as one of the men who robbed him. Complainant also testified that he identified petitioner in a lineup on December 16, 1974, as one of the men who robbed him. Complainant's testimony as to the identification was corroborated by a Chicago Police Investigator, Dan Rolewicz.

Complainant also identified petitioner at trial as one of the two men who robbed him. He further testified that petitioner took cash, keys, and a van from complainant's business.[2]

Petitioner denied robbing complainant and testified that he spent the morning of the robbery in an Unemployment Compensation Office. Petitioner's testimony was corroborated by an employee of the Unemployment Division who testified that petitioner was in her office at the time of the robbery.

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *reh. denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), a federal habeas corpus proceeding in which the petitioner, convicted in state court, alleged he was convicted on insufficient evidence, the Supreme Court held that the due process clause of the fourteenth amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *See also In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

> After *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.... [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.... Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. (emphasis in original) (citations omitted).

---

**2.** Initially, complainant reported that cash, keys, and a van were taken in the July 11, 1974, robbery. On August 24, 1974, complainant reported to the police that four signed checks had also been stolen.

*Jackson, supra,* 443 U.S. at 318–19, 99 S.Ct. at 2789.

 The applicant is entitled to habeas relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson, supra,* 443 U.S. at 324, 99 S.Ct. at 2792. This standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. *Jackson, supra,* 443 U.S. at 324 n.16, 99 S.Ct. at 2792 n.16. Further, under the standard articulated in *Jackson,* a federal court in a habeas corpus proceeding faced with a record of historical facts that support conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that result. *Jackson, supra,* 443 U.S. at 326, 99 S.Ct. at 2793.

██ Applying the standard enunciated in *Jackson,* this Court must presume that the jury in petitioner's trial resolved the conflict between complainant's identification of petitioner as the person who robbed him and petitioner's alibi defense that he was at the Unemployment Compensation Office at the time of the robbery, in favor of the prosecution. Viewing the evidence in the light most favorable to the prosecution, this Court finds that a trier of fact could reasonably have found that the essential elements of the crime—robbery while armed with a dangerous weapon[3]—were proved beyond a reasonable doubt. Therefore, respondents' motion for summary judgment as to the claim of insufficient evidence is granted. It is so ordered.

## PROSECUTOR'S CLOSING ARGUMENT

Petitioner alleges that the prosecutor's closing argument to the jury was improper in two respects. The first allegedly improper remark concerned petitioner's dealings with the Unemployment Office and his veracity in general. The prosecutor, Mr. Raymond Garza, said:

Ladies and gentlemen, he also told you that he was reporting all his income to the Unemployment Office. If you look at these records there is a column, the third column, the third column of these business records, which shows how much you are making out on these side jobs, and when you look at those columns, you will notice he reported only $186 worth of income in three years. That's going to the Unemployment Office, that's a cheat, that's a fraud, and that's the same defense he has presented to you today.

Transcript at 207.

The second allegedly improper remark concerned petitioner's voluntary appearance in court.

MR. GARZA: This man—and I can testify from my own personal knowledge—never walked in her [sic] voluntarily any day he was—

MR. LIEBERMAN: Objection.

THE COURT: Counsel, I don't recall how he was brought in or anything else. Go ahead and argue.

MR. GARZA: We extradicted this man from federal custody through our office, and he was brought over here by Federal Marshalls, and he never walked in here voluntarily, and that is the Gods truth.

Transcript at 212.

At the hearing on petitioner's motion for a new trial, the prosecutor admitted he was mistaken with respect to his statement that petitioner never appeared at trial voluntarily:

MR. GARZA: ... there was some confusion at the time as to which date we are talking about. The defendant did not voluntarily submit to the custody of the court. In November, 1977, he was picked up on an outstanding warrant and brought into court by the federal officials. Sometime in March, however, Judge, he was placed on a probationary period by the federal prosecutor and the

---

**3.** Illinois law defines robbery as the taking of property from the person or presence of another by the use of force or threat of imminent use of force. Armed robbery is defined as committing robbery while armed with a dangerous weapon. Ill.Rev.Stat. ch. 38, §§ 18–1, 18–2.

federal judge, at that time, he chose to walk in voluntarily. So, judge, it wasn't an intentional misstatement or an attempt to prejudice the defendant's case, nor does it warrant a motion for new trial because the defendant, when he was brought into court for the first time, did not voluntarily submit himself to the court. He was brought in custody into this court. At a later date, he did submit voluntarily to the court because that is after he was placed on the work release program by the federal court.

For all those reasons, Judge, I don't think the defendant is entitled to a motion for a new trial. We would ask the Court to deny it.

THE COURT: You wish to respond?

MR. LIEBERMAN: Yes, Judge, I would like to respond. As to Number 6, we are not stating anything that happened in November of 1977. We are stating that on March 15, 1978, the defendant voluntarily walked into this courtroom. . . .

Transcript at 240–41.

On appeal, the First District of the Illinois Appellate Court found that the prosecutor's remarks as to the Unemployment Compensation fraud were based on legitimate inferences from the evidence presented at trial. *People v. Gardner*, 82 Ill.App.3d 1195, 42 Ill.Dec. 131, 408 N.E.2d 509, slip op. at 9 (1st Dist., Apr. 23, 1980). As to the second alleged improper remark to the jury in closing, the Appellate Court agreed with petitioner that the prosecutor's statement that he was personally aware that petitioner did not voluntarily appear in court was improper, but held that petitioner was not "denied a fair trial or prejudiced thereby." Slip op. at 7.

■ In *Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 1873, 40 L.Ed.2d 431 (1974), the Supreme Court stated that in order to amount to a denial of due process a prosecutor's remarks must amount to "egregious misconduct." Improper jury argument by the prosecution will not justify habeas corpus relief unless it is so prejudicial that it renders the trial fundamentally

unfair. *Cronnon v. State of Alabama*, 587 F.2d 246 (5th Cir.), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979). *See also United States ex rel. Burnett v. State of Illinois*, 619 F.2d 668, 675 (7th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). The prosecutor's remarks must be examined in light of the entire proceeding. *Donnelly, supra* at 643–45, 647, 94 S.Ct. at 1871–72, 1873; *United States ex rel. Burnett, supra* at 675.

■ On cross examination of the petitioner, the prosecutor asked, with reference to a job that petitioner testified he had in Cleveland, "Did you report income on that to the unemployment office?" Petitioner answered: "I can't really say whether I did or not." Transcript at 153–54. However, petitioner also testified that he reported his income on the forms provided by the unemployment office. Transcript at 142–43, 158–59. Further, the testimony of Mrs. Caldwell, the unemployment office worker who testified on petitioner's behalf, was unclear as to whether money earned during periods when petitioner did not submit claims for unemployment compensation would be required to be reported or would be shown on the records. *See* Transcript at 113–15. However, even if the prosecution's closing remark—stating that petitioner had cheated and defrauded the unemployment office and asking the jury to infer from this that petitioner's testimony on his own behalf was untrustworthy—was improper, it did not rise to the level of the "egregious misconduct" which would render his trial fundamentally unfair. Therefore, respondents' motion for summary judgment as to this claim of prosecutorial misconduct must be granted.

The prosecutor's subsequent statement in his closing argument that he could testify from his own "personal knowledge" that petitioner was brought to court by federal marshalls and "never walked in her [sic] voluntarily, and that is the Gods truth," Transcript at 212, presents a different situation. Petitioner had testified that he came into court for his trial voluntarily. Transcript at 161–62.

A prosecutor may not inject his personal opinion on credibility into a proceeding. *United States v. Creamer*, 555 F.2d 612, 617 (7th Cir.), *cert. denied*, 434 U.S. 833, 98 S.Ct. 118, 54 L.Ed.2d 93 (1977). Further, a prosecutor may not make comments in his closing argument which are not supported by the evidence of record in the case. *United States v. Davis*, 532 F.2d 22, 28 (7th Cir. 1976); *United States v. Fearns*, 501 F.2d 486, 489 (7th Cir. 1974). The prosecutor's statement in the instant case was clearly improper; he expressed his personal opinion, and his statement was not supported by the evidence. Petitioner's counsel properly objected to the statement, but was overruled by the trial judge. Transcript at 212. However, the trial judge instructed the jury that: "Neither opening statements or closing arguments are evidence, and any statement or argument made by the attorneys which is not based on the evidence should be disregarded." Transcript at 219.

The prosecutor's statement to the jury was clearly improper. Taken in the context of the entire trial, however, these remarks were not so devastating to the fairness of the proceeding as to constitute a denial of due process. *See United States ex rel. Burnett v. State of Illinois*, 619 F.2d 668, 675 (7th Cir. 1980). Therefore, respondents' motion for summary judgment as to this claim of prosecutorial conduct must also be granted.

## PETITIONER'S SENTENCE

Petitioner alleges that the trial judge abused his discretion in sentencing him to not less than ten nor more than twenty years, plus five years parole. However, petitioner does not allege that his sentence was not within the range prescribed by the statute under which he elected to be sentenced. *See* Transcript at 244–45. Pursuant to 28 U.S.C. § 2254(a), this Court may entertain an application for a writ of habeas corpus only on the ground that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner's sentence was within the range prescribed by statute and does not deprive petitioner of any constitu-

tionally protected right. The severity of a sentence is not sufficient grounds for habeas corpus relief. *United States ex rel. Sluder v. Brantley*, 454 F.2d 1266, 1269 (7th Cir. 1972); *Phegley v. Greer*, 497 F.Supp. 519, 520 (C.D.Ill.1980).

Petitioner also alleges that the judge imposed this sentence in retaliation for petitioner's exercise of his right to a trial. Petitioner alleges that the state offered him a four-year sentence if he pled guilty, and that he was "told" before his trial that if he went to trial he would be "wasted" if he were found guilty. Petitioner further alleges that he chose a jury rather than a bench trial on the basis of this threat in an attempt to shield himself from the judge's alleged bias. If his sentence was imposed, at least in part, as a penalty for going to trial, petitioner's constitutional rights have been infringed. *United States v. Capriola*, 537 F.2d 319, 320 (9th Cir. 1976). *See also United States v. Wiley*, 278 F.2d 500 (7th Cir. 1960).

In *United States v. Allen*, 596 F.2d 227, 231 (7th Cir. 1979), the Seventh Circuit, after a thorough review of the record and the trial judge's articulation of his reasons for sentencing the defendant as he did, found that a federal district court judge had not intended the sentence to penalize a defendant for assertion of his fifth and sixth amendment rights. The court stated: "The sentence was well below the statutory maximum, was not harsh, *and was not a penalty for going to trial.*" (emphasis added). Clearly, if the court had found any evidence that the defendant's sentence was imposed in retaliation for his election to go to trial, the result in *Allen* would have been different.

In the case at bar, the state has not responded to petitioner's allegation that the trial judge stated that he intended to penalize him for exercising his right to a trial. Thus, at this stage of the proceedings, this Court, unlike the court in *Allen*, has no way of knowing whether petitioner's sentence was imposed as a penalty for his going to trial. The state has filed no affidavits or other evidence on this issue. The State is hereby given leave to file these materials on

or before May 1, 1981. Petitioner may reply thereto on or before May 15, 1981. Respondent's motion for summary judgment as to this point only is continued pending the filing of the above-described materials.

In summary, respondents' motion for summary judgment as to petitioner's claims of insufficient evidence, improper prosecutorial conduct, and the excessiveness of the sentence are granted. However, respondents' motion for summary judgment as to petitioner's claim that petitioner's sentence was imposed in retaliation for his exercise of his right to a trial is continued for the reasons set forth herein. It is so ordered.[4]

### ON CONTINUED MOTION FOR SUMMARY JUDGMENT

Petitioner William Gardner ("Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He is currently incarcerated at the East Moline Correctional Center where he is serving a ten to twenty year sentence for the July, 1974, armed robbery of a wholesale book and magazine distributorship. Petitioner's conviction was affirmed by the Illinois Appellate Court in *People v. Gardner*, No. 78–2077 (1st Dist., April 23, 1980), *cert. denied* (September 29, 1980). On April 20, 1981, this Court granted summary judgment in favor of respondent on all except one of the grounds for relief asserted in the petition.[1] This matter is presently before the Court on respondent's motion for summary judgment on the remaining ground: that petitioner's sentence was imposed in retaliation for his exercising his right to a jury trial.[2] For the reasons set forth below, respondent's motion will be granted.

As a general rule, the trial court has broad discretion in considering the sentence to be imposed upon conviction of a crime. The discretion of the trial judge is respected in direct appeals of federal criminal convictions as well as in habeas corpus proceedings challenging state criminal convictions and sentences. *Blackmon v. Wainwright*, 608 F.2d 183, 184 (5th Cir. 1979); *United States v. Allen*, 596 F.2d 227, 231 (7th Cir. 1979). Ordinarily, the trial judge's sentence will not be disturbed on review, or form the basis for habeas corpus relief, unless it is not within the statutory maximum or is otherwise shown to be based upon impermissible considerations. While it would be constitutionally impermissible to penalize a defendant for going to trial, *United States v. Capriola*, 537 F.2d 319, 320 (9th Cir. 1976); *United States v. Wiley*, 278 F.2d 500 (7th Cir. 1960), the mere severity of a sentence, without more, is not a sufficient ground for habeas corpus relief. *Phegley v. Greer*, 497 F.Supp. 519, 520 (C.D. Ill.1980).

In the case at bar, the sentence is within the statutory maximum and the petitioner has brought forth no evidence to support even an inference that the state trial court took any impermissible matters into account in imposing sentence upon his

---

4. In his petition for a writ of habeas corpus, petitioner also alleged that he was denied the effective assistance of counsel. However, this ground for relief was dismissed, as it was part of a post-conviction proceeding which was pending in state court at the time petitioner filed this petition. If this issue is resolved adversely to petitioner at the state level, he is free to file it again in this Court, as it was dismissed without prejudice to its renewal after exhaustion of petitioner's state remedies.

Finally, in light of the foregoing opinion, petitioner's motion to set bail pending appeal is rendered moot and need not be addressed, even assuming the Court had the power to grant such a motion.

1. The underlying facts of petitioner's state court conviction and a discussion of the other grounds for relief asserted in his petition for writ of habeas corpus are set forth more fully in our earlier opinion. *Gardner v. Meyer*, 519 F.Supp. 75 (N.D.Ill., 1981) (Aspen, J.).

2. Respondent's motion for summary judgment with regard to petitioner's allegation that his sentence was imposed in retaliation for his exercising his right to a trial rather than pleading guilty to the offense charged under a plea agreement was continued pending the parties' filing of affidavits or other evidence on the question. Both parties have filed affidavits and the issue is now in a posture to be decided by the Court. Petitioner's motion to strike respondent's affidavit of Judge Frank J. Wilson because it was not filed within the time initially prescribed by the Court is denied since all the evidence necessary for a decision on the merits is now before the Court.

conviction for armed robbery or that the sentence was imposed as a penalty for going to trial. Although petitioner states in his affidavit that "Mark Lieberman, my previous trial Attorney would testify to the fact that, Hon. Judge Wilson said that if I go to trial and be found guilty, he would waste me." Gardner Affidavit at ¶ 4, there is nothing in Mr. Lieberman's accompanying affidavit to that effect. Lieberman states that, prior to petitioner's trial, the State offered to recommend a sentence of from four years to four years and one day if petitioner would plead guilty as charged, and that it was his belief that Judge Wilson concurred in that offer at the time. Petitioner has not brought forth any evidence by affidavit or otherwise tending to dispute Judge Wilson's statement in his affidavit that "My sentence was based upon the nature and circumstances of the offense and the history and character of the defendant." There is similarly nothing in the transcript of petitioner's trial to indicate otherwise.

Whether or not Judge Wilson conditionally concurred in the prosecution's recommendation on a plea of guilty is not material to the issues herein, since the petitioner did not in fact plead guilty. There is nothing inherently improper for a trial court to discount a sentence where a defendant pleads guilty—whether such discount is based upon the trial court's view of the guilty plea as an acknowledgment of responsibility constituting an initial step in the rehabilitation process or whether the discount is based primarily on the pragmatic consideration that by pleading guilty the defendant has helped to conserve limited judicial resources of an overburdened metropolitan trial court which must cope with a continuously crowded criminal docket.[3]

Moreover, even if Judge Wilson had preliminarily approved a formal plea agreement and later sentenced more harshly after the plea agreement fell through, that scenario in and of itself would not render the sentence improper. The facts of the case brought out by live witnesses after a complete trial and a careful examination of a presentence report might very well present an entirely different sentencing perspective than would a cold and abbreviated recitation of stipulated facts during the plea conference.[4]

The trial judge is in the unique position of being able to fully consider all the factors appropriate to the rendering of a sentence permissible within the statutory confines. Petitioner has offered this Court no reason to second guess the trial court's exercise of its sentencing discretion. Accordingly, respondent's motion for summary judgment on this remaining ground asserted in the petition for writ of habeas corpus is granted. It is so ordered.

---

**3.** In the usual circumstance, the defendant who elects to go to trial and is convicted is not given an *increased* sentence as a penalty for such election, rather the sentence of the defendant who pleads guilty is *discounted* from what otherwise would be an *appropriate* sentence. In any event, the record in the instant cause does not disclose that petitioner was penalized by Judge Wilson for exercising his right of jury trial.

**4.** Although he may not initiate a plea negotiation conference, Illinois Supreme Court Rule 402, unlike Federal Rule of Criminal Procedure 11, permits a judge to participate in the plea discussions.