25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert CONLEY, Petitioner/Appellant,
v.
Jerry D. GILMORE, Warden, Respondent/Appellee.
 No. 93-1818.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided May 6, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Robert Conley appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Conley argues that he was denied the effective assistance of counsel at sentencing and that the sentencing court relied on improper factors in sentencing him.
 
 
 2
 We agree with the district court that Conley cannot show that counsel's performance was deficient or that this deficiency deprived him of a fair proceeding. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668 (1984). Similarly, the district court correctly concluded that the sentencing court did not err or rely on impermissible factors in sentencing Conley to twenty-eight years. Therefore, we AFFIRM for the reasons stated in the attached order.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 3
 United States of America, ex rel. Robert Conley, Petitioner,
 
 
 4
 v.
 
 
 5
 Jerry Gilmore, Warden, Defendant.
 
 No. 92 C 3882
 
 6
 Feb. 11, 1993.
 
 MEMORANDUM OPINION AND ORDER
 JAMES F. HOLDERMAN, District Judge:
 
 7
 Petitioner Robert Conley ("petitioner") brings this application before this court seeking habeas corpus relief. The petitioner claims that he received ineffective assistance of counsel at his sentencing hearing, and that the sentencing judge considered inappropriate factors in determining his sentence. The petitioner's application is denied.
 
 BACKGROUND
 
 8
 Petitioner Robert Conley was convicted by a jury of aggravated criminal assault (for the rape of a nine-year old girl in the presence of another child) in the Circuit Court of Cook County. Petitioner was sentenced by Judge Arthur Cieslik to an extended-term sentence of forty-five years in prison on May 8, 1987.
 
 
 9
 In a Rule 23 Order issued on January 12, 1990, the extended-term sentence was reversed by the Illinois Appellate Court on the grounds that it was improperly based on an element of the offense, the victim's young age. People v. Conley, No. 2-87-2648, slip op. (1st District 1990), pp. 13-15 (hereinafter "Conley I"). The matter was remanded back to the trial court for resentencing.
 
 
 10
 The resentencing proceeding was before Circuit Court Judge John Morrissey. The prosecutor who handled the case originally also handled the resentencing, while the petitioner was represented by a new attorney from the Office of the Public Defender. The petitioner was sentenced to twenty-eight years on May 30, 1990.
 
 
 11
 The petitioner directly appealed his new sentence on two grounds: (1) ineffective assistance of counsel, and (2) the trial judge considered improper factors in setting the duration of the sentence.
 
 
 12
 The ineffective assistance of counsel claims focused on allegations that defense counsel:
 
 
 13
 (1) admitted in court that she was wholly unfamiliar with the case, and failed to interview the petitioner;
 
 
 14
 (2) only reviewed the appellate court's Rule 23 Order in preparation for sentencing;
 
 
 15
 (3) did not present any material in mitigation;
 
 
 16
 (4) only rebutted one allegedly erroneous aggravating factor presented by the prosecution.
 
 
 17
 The petitioner also challenged the twenty-eight year sentence on the grounds:
 
 
 18
 (1) the trial judge erroneously considered the victim's young age as an aggravating factor when the victim's age was an element of the offense;
 
 
 19
 (2) the trial court erroneously considered the cost and length of the jury trial as an aggravating factor;
 
 
 20
 (3) the trial court erroneously considered the "psychological problems" of the victim, when such problems were not introduced into evidence, and were implicitly a part of the underlying offense;
 
 
 21
 (4) the trial court erroneously considered the petitioner's two prior convictions, which were non-violent, punished with probation, and a decade old; and
 
 
 22
 (5) similarly situated defendants received much shorter sentences.
 
 
 23
 The Appellate Court of Illinois affirmed the sentence, on November 22, 1991, finding that the defense counsel performed adequately and that the sentencing judge carried out his responsibilities properly. People v. Conley, No. 1-90-193, slip op. (First District 1991) (hereinafter "Conley II"). The Illinois Supreme Court denied the petitioner's request for leave to appeal on March 9, 1992.
 
 
 24
 The petitioner brings the same allegations before this court in his petition for habeas relief. The petitioner's brief is largely based upon the brief prepared by the state appellate defenders that represented the petitioner on direct appeal. A copy of the brief of his appellate attorney is attached to petitioner's response brief, however, petitioner has not included any transcript material from the sentencing proceeding. The government, along with their briefs opposing petitioner's application, has included materials from the direct appeal, including both side's briefs and a copy of the appellate decision. A transcript of the trial court proceeding was not included, apparently due to the government's difficulty in obtaining one. (Government's Memorandum in Support of Denial of the Writ, fn. 1.)[1]
 
 ANALYSIS
 
 25
 The petitioner's claims have been presented to the trial judge and fully reviewed by the Illinois Appellate Court. Factual findings of a state court, including a state appellate court, are presumed to be correct, if the findings are made on the merits and fairly supported by the record. Lewis v. Huch, 964 F.2d 670, 671 (7th Cir.1992).
 
 Ineffective Assistance of Counsel
 
 26
 Petitioner argues that defense counsel was inadequate for several reasons:
 
 
 27
 (1) defense counsel admitted she was unfamiliar with the case;
 
 
 28
 (2) defense counsel only reviewed the appellate court's Rule 23 Order in preparation for sentencing hearing;
 
 
 29
 (3) defense counsel presented no mitigating material; and
 
 
 30
 (4) defense counsel only attempted to rebut one erroneous aggravating factor introduced by the government.
 
 
 31
 The government counters by arguing that defense counsel's preparation and advocacy was adequate. The Illinois Appellate Court, in ruling that defense counsel's representation was adequate, carefully reviewed the record and arguments presented.
 
 
 32
 The petitioner bears the heavy burden of showing that defense counsel's performance was constitutionally deficient and that this deficiency resulted in prejudice. Strickland v. Washington, 466 U.S. 668 (1984). Matters of trial strategy or tactical decisions will not be reviewed. Id. at 689. The reviewing court must strongly presume that counsel's conduct falls within a wide range of reasonable professional assistance. Id.
 
 
 33
 The appellate court found that defense counsel's review of the Rule 23 Order prior to the sentencing hearing enabled her to become sufficiently knowledgeable about the case to move that petitioner's conviction be reduced from a Class X offense to a Class 1 offense. Conley II at 4. The government also points out that there was a continuance after defense counsel's comment about being newly appointed and unfamiliar with the case. (Government's Memorandum of Law in Support of Denial of Writ, p. 2.)
 
 
 34
 The appellate court found that defense counsel stated to the sentencing judge that she would rely on the mitigation presented by the petitioner's trial attorney in the earlier proceeding. Conley II at 4. The appellate court found that the sentencing judge stated he had considered all the factors in mitigation brought out at the earlier trial. Id. The mitigating factors included the following items:
 
 
 35
 --petitioner testified to his side of the story;
 
 
 36
 --petitioner had to discipline the victim on various occasions;
 
 
 37
 --petitioner was married and had four children;
 
 
 38
 --petitioner was working to support his family;
 
 
 39
 --medical evidence indicated the victim had recovered completely.
 
 
 40
 Id. at 4-5. Petitioner failed to state what, if any, additional mitigating factors would have been gleaned from an interview.
 
 
 41
 The appellate court concluded that there was no reason for defense counsel to make an offer of proof of the mitigating factors already before the sentencing judge when the sentencing judge specifically indicated he considered those factors. Id. at 5.
 
 
 42
 The appellate court ruled that defense counsel's alleged failure to challenge all the alleged aggravating factors was not incompetent, as counsel is free to not pursue these matters as a matter of trial strategy, and would be foreclosed from raising challenges that lacked merit. Id. at 5.
 
 
 43
 Defense counsel did challenge at least one aggravating factor introduced by the government--the fact child witnesses had been forced to testify. As petitioner acknowledged on direct appeal, defense counsel stated:
 
 
 44
 ... the State mentioned in their argument that the trial witnesses were forced to come down and testify before strangers. We would ask that the court not consider that in sentencing the defendant. That is punishing the defendant for his right to a jury trial.
 
 
 45
 (Petitioner's Direct Appeal Brief, p. 11.)
 
 
 46
 This court's reading of the passage leads to the conclusion that defense counsel responded to two of the government's aggravating factors, the fact minors were forced to testify about the rape and the length and cost of the trial.
 
 
 47
 The Seventh Circuit has held that an ineffective assistance of counsel claim, which has been fully and fairly decided by a state supreme court, after a review of the record of the trial court, affords the petitioner a full hearing on the merits and is presumed correct. U.S. ex rel Rebenstorf v. Pate, 417 F.2d 1222, 1225 (7th Cir.1969). The petitioner clearly had a full review on the merits in the Illinois state appellate court, and petitioner was represented by counsel in that proceeding. While there is less deference to a state court determination on effectiveness of counsel than for other matters, U.S. ex rel Tonaldi v. Elrod, 782 F.2d 665, 670 (7th Cir.1986), this court's review of the submitted materials indicates the state court was correct in concluding defense counsel's conduct fell within the very broad range of adequate professional services required by Strickland. Defense counsel reviewed the appellate order, moved for a reduction of the offense, adopted the mitigation strategy of trial counsel, and challenged some of the aggravating factors introduced by the government. Further, even if counsel had been ineffective, it is unlikely the petitioner could show prejudice for the deficiencies. Petitioner was sentenced within the guideline range for the offense; the fact the judge selected a term on the upper part of the range is not surprising in light of the severity of the offense.
 
 
 48
 Consideration of Improper Factors at Sentencing
 
 
 49
 Petitioner argues that his near maximum term is impermissible because the trial court considered several inappropriate aggravating factors:
 
 
 50
 (1) the victim's young age, which was an element of the offense;
 
 
 51
 (2) the length and cost of a jury trial, which punished petitioner for exercising his constitutional rights;
 
 
 52
 (3) the psychological impact of the crime on the victim, which was not in evidence and an implicit part of the offense; and
 
 
 53
 (4) two prior convictions of the petitioner, which were ten years old, for non-violent crimes, and for which the petitioner received probation.
 
 
 54
 The petitioner and the government agree that the range available for the offense charged is 6 to 30 years under Illinois law.
 
 
 55
 This court notes at the outset that the severity of a sentence is not sufficient grounds for habeas corpus relief when the sentence is within the range prescribed by statute. U.S. ex rel Sluder v. Brantley, 454 F.2d 1266, 1269 (7th Cir.1972); Phegley v. Greer, 497 F.Supp. 519, 520 (S.D.Ill.1980), aff'd 685 F.2d 435, aff'd 691 F.2d 306, cert. den. 454 U.S. 946. Further, an error of state law is not enough to warrant the issue of writ of habeas corpus. Jones v. Thieret, 846 F.2d 457, 459 (7th Cir.1988). A state court's interpretation of an enhancement statute would not entail a constitutional violation even if the petitioner's behavior would be unlikely to be the basis for enhancement under subsequent state court decisions. Id. at 459-461. In addition, the state need not prove beyond a reasonable doubt all the facts that a judge may deem salient to sentencing. Id. at 461.
 
 
 56
 The appellate court found the trial court heard all the testimony in aggravation and reviewed the mitigating evidence presented at trial. Conley II at 6. The appellate court emphasized many proper factors were considered, including the defendant's lack of remorse, the overwhelming proof of guilt, the heinousness of raping a child in front of another child, and the importance of sending a deterrent message. Id. at 6-7. The appellate court reviewed the allegeldy inappropriate factors considered by the trial judge and found them insignificant in light of the proper factors. Id. at 6-8. The appellate court found, in particular, that comments about the victim's age and the psychological harm suffered by the victim were in the context of a review of the evolution of the offense and an admonishment to the defendant. Id. at 7. The appellate court concluded that the trial court did not abuse its discretion in sentencing the defendant to twenty-eight years, given the serious nature of the crime and the aggravating factors. Id. at 8. This court concurs with the appellate court. This court also notes, given a trial court's sensitivity to the pronouncements of its appellate court, it is unlikely a trial judge would make the same error that got his predecessor reversed on appeal.
 
 
 57
 This court concludes that the defendant's sentence, which falls with the statutory guidelines under Illinois law, is not a violation of the defendant's constitutional rights.
 
 CONCLUSION
 
 58
 For the reasons set forth above, the petitioner's application for a writ of habeas corpus is DENIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Due to the lack of a trial court transcript, any necessary quotes from the record are taken from the parties' direct appeal briefs or the appellate court opinion. The briefs shall be cited as "Petitioner's Direct Appeal Brief" and "Government's Direct Appeal Brief." Given the length of the direct appeal briefs, and relatively narrow scope of the issues, this court believes it has an adequate record upon which to review the petitioner's application